TODD KIM
Assistant Attorney General
United States Department of Justice
Environment & Natural Resources Division

TYLER M. ALEXANDER (CA 313188)
Trial Attorney
Natural Resources Section
Environment & Natural Resources Division
P.O. Box 7611
Washington, D.C. 20044-7611

*Attorneys for Defendants*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALFORNIA
## EASTERN DIVISION

| | |
|---|---|
| SAVE OUR FOREST ASSOCIATION, INC., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES FOREST SERVICE, *et al.*, <br><br> Defendants. | No.: 5:24-cv-01336 <br><br> **DEFENDANTS' ANSWER TO THE AMENDED COMPLAINT** |

## **PREFATORY NOTE**

Plaintiffs' claims are reviewable, if at all, in accordance with the judicial

review provisions of the Administrative Procedure Act ("APA"), 5 U.S.C. § 706.

Under the APA, the Court is not a fact finder. Rather, this Court's role is closer to

that of an appellate tribunal, reviewing the administrative records that were before the federal agencies at the time they made the challenged decisions to determine whether those administrative records support the agencies' decisions or whether the agencies' decisions are arbitrary, capricious, or otherwise contrary to law. 5 U.S.C. § 706; *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729 (1985). This standard of review is "highly deferential" to the subject matter expertise of the agencies Congress has entrusted with primary jurisdiction over federal lands. *San Luis & Delta-Mendota Water Auth. v. Jewell*, 747 F.3d 581, 601 (9th Cir. 2014). And the Ninth Circuit has repeatedly instructed that the scope of judicial review is limited to the administrative record. *See, e.g.*, *Lands Council v. Powell*, 395 F.3d 1019 (9th Cir. 2005); *Northcoast Envtl. Ctr. v. Glickman*, 136 F.3d 660, 665 (9th Cir. 1998).

Accordingly, judicial review of federal agency action is a unique procedure, different in both nature and scope from the procedures used to resolve other civil actions within the original jurisdiction of the federal district courts. *See, e.g.*, *Olenhouse v. Commodity Credit Corp.*, 42 F.3d 1560, 1579 (10th Cir. 1994) (stating that a "complaint" (and, hence, an "answer") was not the appropriate vehicle for initiating judicial review under the APA). Nonetheless, as a matter of judicial efficiency, Defendants United States Forest Service and Michael Nobles, in his official capacity as Front Country District Ranger, by and through their

2

undersigned counsel, submit the following "Answer" to the claims and allegations in Plaintiff Save Our Forest Association, Inc.'s August 26, 2024, Amended Complaint.

The numbered paragraphs of this Answer correspond to the numbered paragraphs of the Amended Complaint. Where a sentence in the Amended Complaint is followed by a citation, this Answer treats the citation as part of the preceding sentence.

### "INTRODUCTION"[1]

1.    The allegations in Paragraph 1 are SOFA's characterizations of its case and require no response. If a response is required, Defendants deny any violation of law.

2.    Defendants admit the allegations in the first sentence of Paragraph 2 that the San Bernadino National Forest was created on February 25, 1893, and that the Forest Reserve Act reserved watersheds from entry and disposal to preserve water for beneficial uses as determined by state law. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 2.

---

[1] The section headings and subheadings used in this Answer follow the headings and subheadings use in Plaintiffs' Complaint and are included solely for the purpose of organizational convenience in matching the answers provided herein with the allegations made in the Complaint. The headings are not part of Federal Defendants' responses to the allegations.

3.     Defendants admit the allegations in the first and second sentences of Paragraph 3. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 3.

4.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 4.

5.     The allegations in Paragraph 5 consist of conclusions of law, which require no response. If a response is required, Defendants deny any violation of law.

### "JURISDICTION AND VENUE"

6.     The allegations in Paragraph 6 are conclusions of law regarding federal question jurisdiction, which require no response.

7.     The allegations in Paragraph 7 are conclusions of law regarding venue, which require no response.

### "EXHAUSTION OF ADMINISTRATIVE REMEDIES"

8.     The allegations in Paragraph 8 are conclusions of law regarding exhaustion doctrine, which require no response.

### "THE PARTIES"

9.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 9.

10.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 10.

11.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 11.

12.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12.

13.     Defendants admit the allegations in the first sentence of Paragraph 13.

14.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 14.

15.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 15.

16.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 16.

17.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 17.

18.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 18.

19.     The allegations in Paragraph 19 are conclusions of law regarding Plaintiff's standing, which require no response.

20.     Defendants admit the allegations in Paragraph 20.

21.     Defendants admit the allegations in Paragraph 21.

<u>**"LEGAL BACKGROUND"**</u>

**"A. FLPMA"**

22.     Paragraph 22 purports to quote the San Bernardino National Forest
Land and Resource Management Plan, which speaks for its and is the best
evidence of its contents. Defendants deny all allegations contrary to the plain
language, context, and meaning of the Plan.

23.     Paragraph 23 purports to quote and characterize the Federal Land
Policy Management Act and implementing regulations, which speak for
themselves and are the best evidence of their contents. Defendants deny all
allegations contrary to the plain language, context, and meaning of the law and
regulations.

**"B. NFMA"**

24.     The first and second sentences of Paragraph 24 purport to quote and
characterize the National Forest Management Act and implementing regulations,
which speak for themselves and are the best evidence of their contents. Defendants
deny all allegations contrary to the plain language, context, and meaning of the law
and regulations. Defendants admit the allegation in the third sentence of Paragraph
24 that the San Bernardino National Forest Land and Resource Management Plan

was adopted in 2005. The remainder of allegations in Paragraph 24 are conclusions
of law which require no response.

24. The first sentence of Paragraph 25 purports to characterize Forest
Service regulations, which speak for themselves and are the best evidence of their
contents. The second sentence of Paragraph 25 purports to quote the San
Bernardino National Forest Land and Resource Management Plan, which speaks
for its and is the best evidence of its contents. Defendants deny all allegations
contrary to the plain language, context, and meaning of the regulations and the
Plan.

26. Paragraph 26 purports to quote and characterize Forest Service
regulations, which speak for themselves and are the best evidence of their contents.
Defendants deny all allegations contrary to the plain language, context, and
meaning of the regulations.

27. Paragraph 27 purports to quote and characterize Forest Service
regulations, which speak for themselves and are the best evidence of their contents.
Defendants deny all allegations contrary to the plain language, context, and
meaning of the regulations.

28. Paragraph 28 purports to quote and characterize Forest Service
regulations, which speak for themselves and are the best evidence of their contents.

Defendants deny all allegations contrary to the plain language, context, and meaning of the regulations.

29.    Paragraph 29 purports to characterize Forest Service regulations, which speak for themselves and are the best evidence of their contents. Defendants deny all allegations contrary to the plain language, context, and meaning of the regulations.

30.    Paragraph 30 purports to quote and characterize the San Bernardino National Forest Land and Resource Management Plan, which speaks for its and is the best evidence of its contents. Defendants deny all allegations contrary to the plain language, context, and meaning of the Plan.

31.    Paragraph 31 purports to quote and characterize the San Bernardino National Forest Land and Resource Management Plan which speaks for its and is the best evidence of its contents. Defendants deny all allegations contrary to the plain language, context, and meaning of the Plan.

32.    The first sentence of Paragraph 32 purports to characterize the San Bernardino National Forest Land and Resource Management Plan, which speaks for its and is the best evidence of its contents. The remainder of Paragraph 32 purports to quote and characterize the Forest Service Handbook, which speaks for its and is the best evidence of its contents. Defendants deny all allegations contrary to the plain language, context, and meaning of the Plan and the Handbook.

33.    Paragraph 33 purports to quote and characterize the Forest Service Handbook, which speaks for its and is the best evidence of its contents. Defendants deny all allegations contrary to the plain language, context, and meaning of the Handbook.

34.    Paragraph 34 purports to characterize Forest Service regulations, which speak for themselves and are the best evidence of their contents. Defendants deny all allegations contrary to the plain language, context, and meaning of the regulations.

**"C. NEPA"**

35.    Paragraph 35 purports to quote and characterize the National Environmental Policy Act, which speaks for its and is the best evidence of its contents. Defendants deny all allegations contrary to the plain language, context, and meaning of the law.

36.    Paragraph 36 purports to quote and characterize caselaw, which speaks for its and is the best evidence of its contents. Defendants deny all allegations contrary to the plain language, context, and meaning of *Robertson v. Methow Valley Citizens Council*, 490 U.S. 332, 349-50 (1989).

37.    Paragraph 37 purports to quote and characterize caselaw, which speaks for itself and is the best evidence of its contents. Defendants deny all

allegations contrary to the plain language, context, and meaning of *Great Basin Res. Watch v. BLM*, 844 F.3d 1095, 1101 (9th Cir. 2016).

38.    Paragraph 38 purports to quote and characterize NEPA's implementing regulations, which speaks for themselves and are the best evidence of their contents. Defendants deny all allegations contrary to the plain language, context, and meaning of the regulations.

**"D. APA"**

39.    The allegations in Paragraph 39 purport to quote and characterize the Administrative Procedure Act and case law, which speaks for themselves and are the best evidence of their contents. Defendants deny all allegations contrary to the plain language, context, and meaning of those authorities.

40.    Paragraph 40 purports to quote and characterize caselaw, which speaks for itself and is the best evidence of its contents. Defendants deny all allegations contrary to the plain language, context, and meaning of the cited cases.

41.    Paragraph 41 purports to quote and characterize caselaw, which speaks for itself and is the best evidence of its contents. Defendants deny all allegations contrary to the plain language, context, and meaning of *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983).

42.     Paragraph 42 purports to characterize the APA, which speaks for itself
and is the best evidence of its contents. Defendants deny all allegations contrary to
the plain language, context, and meaning of the law.

**"E. California Water Law"**

43.     Paragraph 43 purports to quote from and characterize California case
law, which speaks for itself and is the best evidence of its contents. Defendants all
allegations contrary to the plain language, context, and meaning of those
authorities.

44.     Paragraph 44 purports to quote from and characterize California case
law, which speaks for itself and is the best evidence of its contents. Defendants all
allegations contrary to the plain language, context, and meaning of those
authorities.

45.     Paragraph 45 purports to quote from and characterize California case
law, which speaks for itself and is the best evidence of its contents. Defendants all
allegations contrary to the plain language, context, and meaning of those
authorities.

46.     Paragraph 46 purports to quote from and characterize California case
law, which speaks for itself and is the best evidence of its contents. Defendants all
allegations contrary to the plain language, context, and meaning of those
authorities.

## "FACTUAL ALLEGATIONS"

**"A. Historical Condition of Strawberry Canyon"**

47.    Defendants admit the allegations in Paragraph 47.

48.    Defendants admit the allegations in Paragraph 48.

49.    Paragraph 49 purports to characterize an Exhibit to the Complaint, which speaks for itself and is the best evidence of its contents. Defendants deny all allegations contrary to the plain language, context, and meaning of the Exhibit.

50.    Paragraph 50 appears to quote from an unnamed source. Defendants admit that prior to water development in the area, more water was flowing in Strawberry Canyon. Defendants lack knowledge or information sufficient to form a belief about the truth of the remainder of the allegations in Paragraph 50.

51.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 51.

52.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 52.

53.    The second and third sentences of Paragraph 53 appear to quote and characterize testimony before a state agency, which speaks for itself and is the best evidence of its contents. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 53.

54.     The first sentence of Paragraph 54 purports to quote "Engineer W.P. Rowe." Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 54, including footnotes 1 and 2.

55.     Paragraph 55 purports to characterize observations by "Rowe." Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 55.

56.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 56.

**"B. Water Diversion from Strawberry Canyon"**

57.     Defendants admit that the San Bernadino National Forest was reserved in 1893 and that the Forest Reserve Act reserved watersheds from entry and disposal to preserve water for beneficial uses as determined by the state. Defendants admit the Forest Service has issued Special Use Permits to allow BTB and its predecessors to occupy National Forest System land and aver that the most recent request for a Special Use Permit to continue that occupancy was denied. Defendants deny the remaining of the allegations in Paragraph 57.

58.     Defendants admit that portions of the modern alignment of the pipeline were in place in 1930 but aver that state permits were not required in 1931 when the first Forest Service permit was issued. Defendants deny the remaining

allegations in the first sentence of Paragraph 58. Defendants admit the allegations in the second sentence of Paragraph 58.

59.    Defendants admit that the only previously permitted water user in Strawberry Canyon was BTB but aver that BTB's most recent request for a Special Use Permit to continue its occupancy of National Forest System lands was denied. Defendants deny the remainder of the allegations in Paragraph 59.

60.    In Paragraph 60, the word "substantially" is undefined and vague, and Defendants deny the allegations in Paragraph 60 for that reason. Defendants aver that base flows are present within some reaches of Strawberry Creek.

61.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 61. Defendants aver that flows in the Strawberry Creek watershed have changed over time.

62.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 62.

63.    Defendants admit that the USFS has rated each stretch of the Headwaters and Cienega Springs as "poor." Defendants deny the remainder of the allegations in the first sentence of Paragraph 63. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the second, third, and fourth sentences.

14

64.    The allegations in Paragraph 64 are SOFA's characterizations of its case and require no response. If a response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations, but Defendants aver that, as described in the 2018 Decision Memo, the Adaptive Management Plan was developed in compliance with 36 C.F.R. 251.56(a)(1) which requires special use authorizations to "minimize damage to scenic and esthetic values and fish and wildlife habitat and otherwise protect the environment."

65.    In Paragraph 65, the word "substantial" is undefined and vague, and Defendants deny the allegations in Paragraph 65 for that reason.

66.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66.

**"C. USFS Issuance of SUPs in Strawberry Canyon"**

67.    The allegations in Paragraph 67 consist of conclusions of law, which require no response. If a response is required, Defendants admit that the issuance of SUPs is subject to various provisions of FLPMA, NFMA, NEPA, and the APA.

68.    Defendants admit the allegations in the first sentence of Paragraph 68, but aver that permits issued by the Forest Service are for occupancy of National Forest System lands, and not for water diversions. Defendants admit the allegations in the second sentence. Defendants lack knowledge or information sufficient to

15

form a belief about the truth of the allegations in the third sentence. Defendants admit the allegations in the fourth sentence.

69.    Defendants admit the allegations in Paragraph 69.

70.    Defendants admit that the SUP issued in 1978 had a 10-year term and that after its expiration in 1988, the use authorized in the SUP continued to be administered under the 1978 terms and conditions. Defendants admit that Gene Zimmerman is a former Forest Supervisor of the SBNF and was one of the Forest Supervisors who oversaw the special uses program between 1978 and 2018. Defendants lack knowledge of information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 70.

71.    The first sentence of Paragraph 71 purports to characterize the correspondence from the California Department of Fish and Wildlife to USFS, which speaks for itself and is the best evidence of its contents. Defendants deny all allegations contrary to the plain language, context, and meaning of the correspondence. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of Paragraph 71.

72.    The allegations in the first sentence of Paragraph 72 are conclusions of law regarding the California Environmental Quality Act, which require no response. The second sentence of Paragraph 72 purports to quote correspondence from the California Department of Fish and Wildlife, which speaks for itself and is

16

the best evidence of its contents. Defendants deny all allegations contrary to the plain language, context, and meaning of the correspondence.

73.    The first sentence of Paragraph 73 purports to characterize CEQA, which speaks for itself and is the best evidence of its contents. Defendants deny all allegations contrary to the plain language, context, and meaning of the law. The allegations in the second sentence are SOFA's characterizations of its case and require no response. If a response is required, Defendants deny any violation of the law.

**"1. 2018 Decision to Issue SUP to Nestlé"**

74.    Defendants admit the allegations in the first sentence of Paragraph 74. The second, third, fourth and fifth sentences of Paragraph 74 purport to quote and characterize the 2018 Decision Memo, which speaks for itself and is the best evidence of its contents. Defendants deny all allegations contrary to the plain language, context, and meaning of the Memo.

75.    The allegations in Paragraph 75 purport to quote and characterize the 2018 Decision Memo, which speaks for itself and is the best evidence of its contents. Defendants deny all allegations contrary to the plain language, context, and meaning of the Memo.

76.    The allegations in Paragraph 76 purport to quote from comments by CDFW received during scoping, which speak for themselves and are the best

evidence of their contents. Defendants deny all allegations contrary to the plain language, context, and meaning of those comments.

77.     Defendants deny the allegations in Paragraph 77.

**"2. Nestlé 2018 SUP"**

78.     Defendants admit the allegations in the first sentence of Paragraph 78. The second sentence of Paragraph 78 purports to quote and characterize the 2018 Decision Memo, which speaks for itself and is the best evidence of its contents. Defendants deny all allegations contrary to the plain language, context, and meaning of the Memo. Defendants deny the allegations in the third sentence of Paragraph 78.

79.     Defendants admit the allegations in Paragraph 79.

80.     Paragraph 80 purports to quote and characterize the 2018 SUP, which speaks for itself and is the best evidence of its contents. Defendants deny all allegations contrary to the plain language, context, and meaning of the 2018 SUP.

81.     Paragraph 81 purports to quote and characterize the 2018 SUP, which speaks for itself and is the best evidence of its contents. Defendants deny all allegations contrary to the plain language, context, and meaning of the 2018 SUP.

82.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of Paragraph 82. The allegations in the second sentence of Paragraph 82 purport to characterize the 2018

18

SUP, which speaks for itself and is the best evidence of its contents. The allegations in the third sentence of Paragraph 82 purport to quote from and characterize the April 1, 2021 Request for Revocation, which speaks for itself and is the best evidence of its contents. Defendants deny all allegations contrary to the plain language, context, and meaning of those documents.

**"3. BTB 2022 SUP"**

83.     Defendants admit the allegations in the first sentence of Paragraph 83. The remainder of the paragraph purports to quote and characterize permit FCD728502, which speaks for itself and is the best evidence of its contents. Defendants deny all allegations contrary to the plain language, context, and meaning of permit FCD728502.

84.     Defendants admit the allegations in Paragraph 84.

85.     Defendants admit the allegations in Paragraph 85 and aver that the 2019 version of the AMP was attached to permit FCD728502.

**"4. BTB 2023 SUP"**

86.     Defendants deny the allegations in the first sentence of Paragraph 86, but aver that permit FCD728503 was delivered to BTB in August 2022. The second sentence purports to characterize permit FCD728503, which speaks for itself and is the best evidence of its contents. Defendants deny all allegations

contrary to the plain language, context, and meaning of permit FCD728503. Defendants deny the allegations in the third sentence.

87.    The allegations in Paragraph 87 purport to quote and characterize permit FCD728503, which speaks for itself and is the best evidence of its contents. Defendants deny all allegations contrary to the plain language, context, and meaning of permit FCD728503.

88.    Paragraph 88 purports to quote and characterize the permit FCD728503, which speaks for itself and is the best evidence of its contents. Defendants deny all allegations contrary to the plain language, context, and meaning of the permit FCD728503. Defendants aver the permit is correctly quoted.

89.    Defendants admit he allegations in Paragraph 89.

**"4. BTB 2023 SUP"**

90.    Defendants admit the allegations in Paragraph 90.

91.    Defendants admit the allegations in Paragraph 91.

92.    The allegations in Paragraph 92 purport to quote and characterize a May 25, 2024 letter, which speaks for itself and is the best evidence of its contents. Defendants deny all allegations contrary to the plain language, context, and meaning of the letter.

93.    The allegations in Paragraph 93 purport to quote and characterize correspondence between BTB and the Forest Service, which speaks for itself and is

the best evidence of its contents. Defendants deny all allegations contrary to the

plain language, context, and meaning of that document.

94.    The allegations in Paragraph 94 purport to quote from and

characterize the July 26, 2024 termination letter, which speaks for itself and is the

best evidence of its contents. Defendants deny all allegations contrary to the plain

language, context, and meaning of the letter.

95.    Defendants admit the allegations in Paragraph 95.

96.    Defendants admit the allegation in Paragraph 96 that the Forest

Service has allowed BTB to continue water deliveries to the San Manuel Band of

Mission Indians and aver that those deliveries may continue until January 15,

2025. Defendants deny the remaining allegations in Paragraph 96.

97.    Defendants admit the allegations in Paragraph 97.

98.    Defendants admit that BTB's infrastructure is still on National Forest

System land but aver that BTB has submitted a decommissioning plan that is under

review. In Paragraph 98, the word "substantially" is undefined and vague, and

Defendants deny the remaining allegations in Paragraph 98 for that reason.

**"D. New Information Since 2018 Decision Memo/Categorical Exclusion**

**Adoption"**

99.    The allegations in the first and fifth sentences Paragraph 99 are

SOFA's characterizations of its case and require no response. If a response is

required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations. Defendants admit the allegations in the second sentence of Paragraph 99. The third sentence of Paragraph 99 purports to characterize unidentified portions of proceedings before a state agency, which speak for themselves and are the best evidence of their contents. Defendants deny all allegations contrary to the plain language, context, and meaning of those materials. The fourth sentence of Paragraph 99 purports to characterize the 2018 Decision Memo, which speaks for itself and is the best evidence of its contents. Defendants deny all allegations contrary to the plain language, context, and meaning of the Memo.

100.    Defendants admit the allegations in Paragraph 100.

101.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding the Bunker Hill Basin. Defendants deny the remainder of the allegations in Paragraph 101.

102.    Defendants admit the allegations in Paragraph 102.

103.    The allegations in Paragraph 103 purport to characterize correspondence between BTB and the Forest Service, which speaks for itself and is the best evidence of its contents. Defendants deny all allegations contrary to the plain language, context, and meaning of that document.

## **"CLAIMS FOR RELIEF"**
### ***"FIRST CAUSE OF ACTION"***
### ***"FLPMA, 43 U.S.C. §§ 1761-66, NFMA, 16 U.S.C., §1600 et seq., and***
### ***APA, 5 U.S.C. § 706(2)"***

104.   Defendants incorporate by reference their responses to Paragraphs 1

through 103.

105.   Defendants deny the allegations in Paragraph 105 and deny any

violation of law.

106.   The allegations in Paragraph 106 consist of conclusions of law, which

require no response. If a response is required, Defendants deny any violation of

law.

107.   The allegations in Paragraph 107 consist of conclusions of law, which

require no response. If a response is required, Defendants deny any violation of

law.

108.   The allegations in Paragraph 108 consist of conclusions of law, which

require no response. If a response is required, Defendants deny any violation of

law.

109.   The allegations in Paragraph 109 consist of conclusions of law, which

require no response. If a response is required, Defendants deny any violation of

law.

110.   The allegations in Paragraph 110 consist of conclusions of law, which require no response. If a response is required, Defendants deny any violation of law.

111.   The allegations in Paragraph 111 consist of conclusions of law, which require no response. If a response is required, Defendants deny any violation of law.

112.   The allegations in Paragraph 112 consist of conclusions of law, which require no response. If a response is required, Defendants deny any violation of law.

113.   Defendants deny the allegations in Paragraph 113 and deny any violation of law.

114.   Defendants deny the allegations in Paragraph 114 and deny any violation of law.

### SECOND CAUSE OF ACTION
### NEPA and APA, 5 U.S.C. § 706(2)

115.   Defendants incorporate by reference their responses to Paragraphs 1 through 114.

116.   The allegations in Paragraph 116 consist of conclusions of law, which require no response. If a response is required, Defendants deny any violation of law.

117.   The allegations in Paragraph 117 consist of conclusions of law, which require no response. If a response is required, Defendants deny any violation of law.

118.   Defendants deny the allegations in Paragraph 118 and deny any violation of law.

## "PRAYER FOR RELIEF"

The remaining allegations set forth in the Complaint consist of SOFA's prayers for relief, which require no response. Defendants deny any violation of law and deny that SOFA is entitled to its requested relief or any relief whatsoever.

## GENERAL DENIAL

Defendants deny all allegations in the Complaint, whether express or implied, that are not otherwise specifically admitted, denied, or qualified above.

## DEFENSES

1.   SOFA lacks standing to raise some or all of its claims.

2.   SOFA's allegations fail to state a claim upon which relief may be granted.

3.   SOFA has waived or failed to exhaust some or all of its claims.

4.   Some or all of SOFA's claims are moot.

Submitted this 8th day of November, 2024,

TODD KIM
Assistant Attorney General
U.S. Department of Justice
Environment & Natural Resources Division

 /s/ *Tyler M. Alexander*
TYLER M. ALEXANDER (CA 313188)
Trial Attorney
Natural Resources Section
P.O. Box 7611
Washington, DC 20044-7611
Tel: (202) 305-0238
tyler.alexander@usdoj.gov

*Attorneys for Defendants*