Rachel S. Doughty (Cal. Bar No. 255904)
Jennifer Rae Lovko (Cal. Bar No. 208855)
GREENFIRE LAW, PC
2478 Adeline Street, Suite A
Berkeley, CA 94703
Ph/Fax: (510) 900-9502
Email: RDoughty@greenfirelaw.com
        RLovko@greenfirelaw.com

*Attorneys for Plaintiff Save Our Forest Association, Inc.*

LISA LYNNE RUSSELL
Deputy Assistant Attorney General
United States Department of Justice
Environment & Natural Resources Division

TYLER M. ALEXANDER (CA 313188)
Trial Attorney
Natural Resources Section
Environment & Natural Resources Division
P.O. Box 7611
Washington, D.C. 20044-7611

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### EASTERN DIVISION – RIVERSIDE

| | |
|---|---|
| SAVE OUR FOREST ASSOCIATION, INC., <br><br> Plaintiff, <br><br> vs. <br><br> UNITED STATES FOREST SERVICE, *et al.*, <br><br> Defendants. | Case No.: 5:24-cv-01336-JGB-DTB <br><br> **JOINT REPORT PURSUANT TO FED. R. CIV. P. RULE 26(f)** <br><br> Date: March 10, 2025 <br> Time: 11:00 a.m. <br> Judge: Hon. Jesus G. Bernal <br> Courtroom: 1, Riverside Division <br><br> Action Filed: June 25, 2024 <br> Trial Date: |

- 1 -

5:24-cv-01336-JGB-DTB

The Parties jointly submit the following statement pursuant to Federal Rule of Civil Procedural 26(f).

## I. STATEMENT OF THE CASE

Plaintiff Save Our Forest Association ("SOFA") brings this case alleging that the U.S. Forest Service ("USFS") improperly issued Special Use Permits ("SUPs") to BlueTriton Brands, Inc. ("BTB"), and its predecessor in interest Nestlé Waters North America ("Nestlé") allowing the diversion of flow from Strawberry Creek in the San Bernardino National Forest ("Forest"), which are the bases for an alleged continued illegal diversion of water from the Forest.

Specifically, SOFA alleges that the USFS failed to comply with the National Forest Management Act ("NFMA"), the Federal Land Policy and Management Act ("FLPMA"), the National Environmental Policy Act ("NEPA"), and the Administrative Procedures Act ("APA"). SOFA seeks an order of this Court declaring that the USFS violated these laws in issuing SUPs in 2018, 2022, and 2023,[1] and that the continued diversion of water under the 2023 SUP is also illegal. SOFA asks this Court to vacate the 2023 SUP, order the removal of all diversion infrastructure and restoration of Strawberry Canyon, and enjoin the USFS from taking any action to allow future diversion of water from Strawberry Canyon until such time as the USFS complies with the law.

In February 2023, BTB sought a new permit for the existing diversion infrastructure, and in July 2024, the Forest Service denied that application. BTB sought review of the denial in *BlueTriton Brands v. United States Forest Service*, Case No. 1:24-cv-02302 ("*BTB v. USFS*"). SOFA is an amicus in the *BTB v. USFS*

---

[1] The 2018 SUP was executed by the USFS and Nestlé on August 24, 2018 and expired by the terms on its face on August 24, 2021, the 2022 SUP was executed by the USFS and BTB on August 18, 2022 and expired six days later on August 24, 2022; the 2023 SUP was executed by the USFS and BTB on February 21, 2023, and expired on August 24, 2023. The USFS denied a new permit application from BTB on July 26, 2024. The USFS permitted BTB to continue to divert water through January 2025, and since that date, water has continued to be diverted as a result of this Court's stay of the 2024 denial.

case. On January 13, 2025, the Court granted BTB's motion for a preliminary injunction, prohibiting the Forest Service from taking action to enforce its denial of a permit to BTB. The case was then stayed pending review of the California Water Resources Control Board's determination that BTB holds no water rights to certain sources in Strawberry Canyon. SOFA and the Forest Service disagree about the effect that the Forest Service's 2024 denial and the preliminary injunction in *BTB v. USFS* have on the justiciability of this case.

SOFA's position is that the legal effect of this Court's stay of the *BTB v. USFS* case is simply to maintain the status quo that existed prior to the denial of which BTB complains. Thus the water of Strawberry Canyon presently is diverted from federal lands pursuant to the 2023 SUP issued by the USFS and the pending application for a new SUP. *Ctr. for Biological Diversity v. United States Forest Serv.*, No. EDCV 15-2098-JGB (DTBx), 2016 U.S. Dist. LEXIS 139309, at *20 (C.D. Cal. Sep. 20, 2016)("*CBD v. USFS*"). The legality of the 2023 SUP, and the sufficiency of the 2018 environmental analysis relied upon by the USFS in issuing the 2018-2023 SUPs, is precisely what SOFA challenges in this lawsuit, so this lawsuit cannot be mooted so long as the diversion structures remain and water flows through them. As explained below, the Forest Service believes this case is moot.

## II. SUBJECT MATTER JURISDICTION

The Parties disagree on whether this Court has jurisdiction over this case. They agree, however, that if jurisdiction exists, it is under the Administrative Procedure Act, 5 U.S.C. § 706, which provides federal courts with jurisdiction to review and set aside agency actions that are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Id.* at § 706(2).

## III. LEGAL ISSUES

The legal issues in this case include whether the USFS acted properly under NFMA, FLPMA, NEPA, and the APA, prior to issuing a SUP for water diversion

infrastructure on the Forest and whether those claims are moot following the SUP's expiration and the Forest Service's denial of BTB's most recent permit application.

Substantively, this case is a review of an agency action based upon the Forest Service's administrative records.

Procedurally, this case is related to *BTB v USFS*. *See* ECF No. 21. As discussed above, SOFA and the Forest Service disagree about the effect that the Forest Service's 2024 denial and the preliminary injunction in *BTB v. USFS* have on the justiciability of this case. The state-court case reviewing the California Water Resources Control Board's decision on BTB's rights in Strawberry Canyon is *BlueTriton Brands, Inc. v. Cal. Water Resources Control Board et al.*, Fresno County Superior Court, 23CECG04292 (Feb. 7, 2024).

SOFA's position is that a decision in either the BTB state or federal case cannot resolve SOFA's case.

Regarding the California State Court case, it is SOFA's position that the now-operative 2023 SUP applies to all diversion points in Strawberry Canyon (Headwater Springs and Cienega Springs), not just those at issue in the SWRCB proceeding (the Headwater Springs). Thus, if the California State Court rules fully in BTB's favor and determines that the SWRCB acted in excess of its jurisdiction and that the water at issue is groundwater, that does not resolve the question of who has the right to use that water. It merely says that the SWRCB is not the proper arbiter of that dispute. If the outcome is in the SWRCB's favor, then that will resolve the issue of state water rights to some extent, making it difficult if not impossible for the USFS to issue a permit to BTB for water from the Headwater Springs. It will not resolve water rights issues permitting diversion from the Cienega Springs, or the myriad other permit issues (e.g., whether BTB showed adequate financial assurances, whether BTB demonstrated compliance with the terms of its prior permit, whether diverting water from the Forest harms natural resources on the Forest).

1    Further, it is SOFA's position that a resolution of BTB's federal case (pending
2 before this Court but stayed presently) would not resolve the declaratory relief sought
3 by SOFA in this case. For example, any resolution of that case would not require this
4 Court to examine the sufficiency of the USFS's 2018 NEPA analysis, upon which the
5 USFS could rely in issuing a permit to another party. BTB apparently agrees that the
6 cases are not entangled as BTB objected to consolidation with this case pending
7 outcome of its stayed case before this Court. *BlueTriton Brands, Inc. v. U.S. Forest
8 Serv.*, Case No CV 24-9720 JGB, ECF No. 92.
9    Defendants believe this case is moot because BTB's last Special Use Permit
10 expired by its own terms on August 23, 2023, and BTB's request for a new Special
11 Use Permit to continue its occupancy of the San Bernardino National Forest was
12 denied on July 26, 2024. BTB's pipeline continues to occupy the National Forest, but
13 as a result of this Court's January 13, 2025 order preliminarily enjoining the Forest
14 Service from "tak[ing] any action to enforce the Notice of Denial against BlueTriton
15 or the Nation until this matter is fully adjudicated," Order, *BlueTriton Brands, Inc. v.
16 U.S. Forest Serv.*, Case No CV 24-9720 JGB, ECF No. 90, not as a result of any
17 reviewable final agency action by the Forest Service.

18  **IV.   PARTIES, EVIDENCE, ETC.**

19   The parties to this case are Save Our Forest Association, Inc. and the United
20 States Forest Service. SOFA has no subsidiaries, parents or affiliates. It is a not-for-
21 profit corporation.
22   SOFA's claims are raised under NFMA, FLPMA, and NEPA and are governed
23 by the APA's principles of review. *Native Ecosystems Council v. U.S. Forest Serv.*,
24 428 F.3d 1233, 1238 (9th Cir. 2005); *Oregon Natural Resources Council Fund v.
25 Brong*, 492 F.3d 1120, 1124-25 (9th Cir. 2007). Review will proceed, if at all, based
26 on the Forest Service's Administrative Record. *All. for the Wild Rockies v. U.S.*

*Forest Serv.*, 907 F.3d 1105, 1112 (9th Cir. 2018) (citing *Camp v. Pitts*, 411 U.S. 138, 142, (1973)).

The Forest Service is currently preparing its Administrative Record for lodging with this Court. USFS agrees to provide SOFA with an index of record contents prior to lodging and no later than February 28, 2025, and the parties will meet and confer regarding any disagreement to the proposed contents. If there is an irreconcilable dispute, SOFA reserves the right to file a motion to complete the administrative record.

SOFA has requested that the record include the administrative record for the related case *CBD v. USFS*, which was decided by this Court in 2016, as well as at least portions of the administrative record lodged in the Superior Court of Fresno County in the related *BTB v. SWRCB* case.

SOFA also anticipates seeking admission of extra-record evidence.[2] The USFS relied upon a categorical exemption from NEPA in issuing the 2018 permit, and then managed potential environmental impacts through an adaptive management plan for which there was no public hearing or other formal opportunity for the public to provide the USFS with substantive comments.[3] SOFA respectfully requests opportunity to provide this Court with testimony, written or oral from (1) Steve Loe, former biologist for the USFS on the ranger district in which Strawberry Canyon is located, and (2) Greg Allord, retired USGS cartographer who was, among other things, the Chief of the Cartography and Publishing Program for the Water Resources

---

[2] This Court may consider extra-record evidence "(1) if admission is necessary to determine whether the agency has considered all relevant factors and has explained its decision, (2) if the agency has relied on documents not in the record, (3) when supplementing the record is necessary to explain technical terms or complex subject matter, or (4) when plaintiffs make a showing of agency bad faith." *Lands Council v. Forester of Region One of the United States Forest Serv.*, 395 F.3d 1019, 1030 (9th Cir. 2004)(cleaned up). In this unique case, SOFA can make a good argument that each of these exceptions to the general rule against consideration of extra-record evidence applies.

[3] SOFA and its allies have submitted dozens of requests under the Freedom of Information Act to obtain the adaptive management plan and correspondence with Nestlé and BTB. However, obtaining these records took months to years. The public viewed these materials long after impacts were felt or decisions made.

Division and the lead specialist for implementing digital mapping of the Ground-Water Atlas of the United States. Defendants believe the record they will lodge with this court is presumed regular and will be sufficient for judicial review. *See Blue Mountains Biodiversity Proj. v. Jeffries*, 99 F.4th 438, 444-45 (9th Cir. 2024).

The parties have agreed to meet and confer regarding the index, which the USFS will provide to SOFA by February 28, 2025, as well as extra-record evidence.

## V. DAMAGES

Only injunctive relief is sought.

## VI. INSURANCE

There is no insurance issue in this case.

## VII. MOTIONS

The Parties anticipate the possibility of a motion to dismiss under Rule 12(b)(1), a motion challenging the Forest Service's Administrative Record, and cross-motions for summary judgment.

## VIII. MANUAL FOR COMPLEX LITIGATION

The Parties agree that the procedures of the Manual for Complex Litigation are not necessary.

## IX. STATUS OF DISCOVERY

No discovery is anticipated.

## X. DISCOVERY PLAN

No discovery is anticipated.

## XI. DISCOVERY CUT-OFF

No discovery is anticipated.

## XII. EXPERT DISCOVERY

No discovery is anticipated.

//
//

### XIII. DISPOSITIVE MOTIONS

The Parties agree that this case will be resolved on cross-motions for summary judgment, and seek leave of this Court to propose a staggered briefing schedule.

### XIV. SETTLEMENT AND ALTERNATIVE DISPUTE RESOLUTION (ADR)

The parties are in open communication. A settlement in this matter is unlikely.

### XV. TRIAL ESTIMATE

The Parties agree the matter should be resolved on summary judgment and anticipate at most a half day of oral argument.

### XVI. TRIAL COUNSEL

Trial is not anticipated in this case. Counsel on the caption are available to present oral argument at any hearing on motions for summary judgment.

### XVII. INDEPENDENT EXPERT OR MASTER

The Parties do not anticipate that this is a case where the Court should consider appointing a master pursuant to Rule 53 or an independent scientific expert.

### XVIII. OTHER ISSUES

The Parties request that the Administrative Record be produced in electronic form only, because of the volume. The Administrative Record will be Bates numbered and include a hyperlinked index for ease of reference.

Dated: February 24, 2025         Respectfully Submitted,

By: */s/ Rachel S. Doughty*
RACHEL S. DOUGHTY
Greenfire Law, PC

*Attorneys for Save Our Forest Association, Inc.*

Dated:                                    Respectfully Submitted,

                                    By: */s/ Tyler M. Alexander*
                                    LISA LYNNE RUSSELL
                                    Deputy Assistant Attorney General
                                    United States Department of Justice
                                    Environment & Natural Resources Division

                                    TYLER M. ALEXANDER
                                    Trial Attorney
                                    Natural Resources Section
                                    Environment & Natural Resources Division
                                    P.O. Box 7611
                                    Washington, D.C. 20044-7611

                                    *Attorneys for Defendant*