# Exhibit 26
# to Declaration of Rachel Doughty

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 24-9720 JGB (DTBx)** | Date | January 14, 2025 |
|---|---|---|---|
| Title | *BlueTriton Brands v. United States Forest Service et al.* | | |

Present: The Honorable    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Phyllis A. Preston |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| Todd Mikolop<br>George P. Sibley, III | Tyler McVeigh Alexander<br>Maggie Woodward<br>Rachel S. Doughty |

**Proceedings:**   Order GRANTING Yuhaaviatam of San Manuel Nation's Motion to Intervene (Dkt. No. 64)

Before the Court is a motion to intervene by Proposed Plaintiff-Intervenor Yuhaaviatam of San Manuel Nation ("Nation"). ("Motion to Intervene," Dkt. No. 64.) A hearing was held on January 13, 2025. After considering the papers filed in support of and in opposition to the Motion, the Court **GRANTS** the Motion to Intervene.

## I.   BACKGROUND

On August 6, 2024, BlueTriton filed a complaint in the United States District Court for the District of Columbia seeking to enjoin the Forest Service's Notice of Denial of a permit to occupy a right of way to divert water across the San Bernardino National Forest. ("Compl.," Dkt. No. 1.) On October 21, 2024, the Forest Service answered. (Dkt. No. 33.)

Accompanying the complaint was a motion for a preliminary injunction to halt the Forest Service from enforcing the Notice of Denial. ("PI Motion," Dkt. No. 2.) On August 13, 2024, the Forest Service opposed the preliminary injunction. ("PI Opp.," Dkt. No. 15.) On August 20, 2024, BlueTriton replied. ("PI Reply," Dkt. No. 23.)

Upon receipt of the case after its transfer and a joint stipulation by the parties (Dkt. No. 59), the Court set the motion for hearing on January 13, 2025 and granted BlueTriton's request

for supplemental briefing. (Dkt. No. 60.) On January 8, 2025, the parties and amicus SOFA submitted supplemental briefing. ("USFS Supp.," Dkt. No. 73; "SOFA Supp.," Dkt. No. 74; "BlueTriton Supp.," Dkt. No. 75.)

While resolution of BlueTriton's motion for a preliminary injunction was pending, on January 3, 2025, proposed Plaintiff-Intervenor Yuhaaviatam of San Manuel Nation ("Nation") filed a motion to intervene and motion for a preliminary injunction. ("Inter. Motion," Dkt. No. 64; "Nation PI Motion," Dkt. No. 64-2.) The Court shortened the time to respond (Dkt. No. 68), and the Forest Service responded to both motions on January 10. ("Inter. Opp.," Dkt. No. 80; "USFS Nation PI Opp.," Dkt. No. 81.) BlueTriton and SOFA also filed responses ("BlueTriton Nation Br.," Dkt. No. 79; "SOFA Nation Br.," Dkt. No. 82.) The Nation replied the next day. ("Nation Reply," Dkt. No. 87.)

On January 14, 2025, the Court granted BlueTriton's motion for a preliminary injunction and stayed further proceedings pending resolution of ongoing state court proceedings. ("PI Order," Dkt. No. 90.)

## II. FACTUAL ALLEGATIONS

The parties are familiar with the history of this case; the Court refers to the history of this case as recounted in its Preliminary Injunction Order. (PI Order.)

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 24 provides that a non-party may intervene in a given action either by right, or with permission of the Court. Fed. R. Civ. P. 24(a)-(b).

### A. Intervention of Right

Federal Rule of Civil Procedure 24(a) provides:

> (a) Intervention of Right. On timely motion, the court must permit anyone to intervene who:
> (1) is given an unconditional right to intervene by a federal statute; or
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(1)-(2). Absent a statutory right to intervene under Rule 24(a)(1), the proposed intervenor must therefore demonstrate the following to intervene as of right under Rule 24(a)(2):

> (1) [T]he [applicant's] motion must be timely; (2) the applicant must have a "significantly protectable" interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action.

Freedom from Religion Found., Inc. v. Geithner, 644 F.3d 836, 841 (9th Cir. 2011) (citation omitted). While the proposed intervenor has the burden of establishing these elements, courts interpret the elements broadly in favor of intervention. See Prete v. Bradbury, 438 F.3d 949, 954 (9th Cir. 2006).

**B. Permissive Intervention**

Under Rule 24(b), the Court may, on timely motion, permit anyone to intervene who "is given a conditional right to intervene by a federal statute," or "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(A)-(B). The Ninth Circuit has stated that permissive intervention "requires (1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action." Freedom from Religion Found., Inc., 644 F.3d at 843. Although the burden is on the prospective intervenor to demonstrate that the conditions for intervention are satisfied, see Petrol Stops Nw. v. Continental Oil, Co., 647 F.2d 1005, 1010 n.5 (9th Cir. 1981), even if these "threshold requirements" are satisfied, the court retains discretion to deny permissive intervention. Donnelly v. Glickman, 159 F.3d 405, 412 (9th Cir. 1998); see also Orange v. Air Cal., 799 F.2d 535, 539 (9th Cir. 1986) ("Permissive intervention is committed to the broad discretion of the district court.")

In addition to the threshold requirements, courts also consider a number of additional factors in deciding whether to permit intervention, such as:

> the nature and extent of the intervenors' interest, their standing to raise relevant legal issues, the legal position they seek to advance, and its probable relation to the merits of the case[,] whether changes have occurred in the litigation so that intervention that was once denied should be reexamined, whether the intervenors' interests are adequately represented by other parties, whether intervention will prolong or unduly delay the litigation, and whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented.

Perry v. Schwarzenegger, 630 F.3d 898, 905 (9th Cir. 2011) (quoting Spangler v. Pasadena Bd. of Educ., 552 F.2d 1326, 1329 (9th Cir. 1977)).

//
//
//

## IV. DISCUSSION

### A. Timeliness

The Court must consider the following three factors in determining the timeliness of a motion to intervene: "'(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay.'" League of United Latin Am. Citizens v. Wilson, 131 F.3d 1297, 1302 (9th Cir. 1997) (quoting County of Orange v. Air California, 799 F.2d 535, 537 (9th Cir. 1986)).

Here, the Forest Service does not appear to contest the timeliness issue. (Opp. at 7–14.) In this case, the Nation sought to intervene six months after the commencement of the case, after the Court resolved the motion to transfer but before the resolution of BlueTriton's preliminary injunction motion or any significant proceedings on the merits. Idaho Farm Bureau Fed'n v. Babbitt, 58 F.3d 1392 (9th Cir. 1995) (intervention timely when before a hearing on a preliminary injunction motion). While the Nation's motion for a preliminary injunction certainly seems rushed, the Court thinks that delay and any resultant prejudice is better considered in the context of its preliminary injunction motion, not the larger question of intervention.

### B. Protectable Interest and Disposition of the Action

Rule 24 requires a proposed intervenor show that the disposition of a case may harm their ability to protect their interest. Fed. R. Civ. P. 24(a). "[A] proposed intervenor 'has a significant protectable interest in an action if (1) it asserts an interest that is protected under some law, and (2) there is a relationship between its legally protected interest and the plaintiff's claims.'" Sweet v. Cardona, 121 F.4th 32, 48 (9th Cir. 2024).

The Forest Service contends that it is only deciding a single protective interest, the permit itself, that is, the authorization for BlueTriton to operate the pipeline. (Opp. at 7–9.) As such, they argue, the resolution of this case will not affect the Nation's right to the water as owner of the Arrowhead Springs Hotel.

The Forest Service construes the protectable interest analysis too narrowly. While the Nation's water rights are certainly a protectable interest, the Nation *also* has a separate protectable interest in the delivery of that water pursuant to its rights under its contract with BlueTriton. That is, the Nation has an interest in the delivery of water that "is protected under some law." Sweet, 121 F.4th at 48. If BlueTriton breached its contract with the Nation, the Nation could protect its interest in Court. Wilderness Soc. v. U.S. Forest Serv., 630 F.3d 1173, 1179 (9th Cir. 2011) ("[A] prospective intervenor's asserted interest need not be protected by the statute under which the litigation is brought to qualify as "significantly protectable" under Rule 24(a)(2)."). And, there is a "relationship" between BlueTriton's claims and the Nation's interest. Id. BlueTriton contests the denial of the permit so it can continue deliveries to itself and the Nation. The result of this litigation will affect the Nation's protectable interest in continued water deliveries through the pipeline.

Thus, the Nation has shown that it has protectable interest, and the interest will be practically impacted by this litigation.

### C. Parties' Failure to Protect Interest

The Forest Service argues that BlueTriton and the Nation share the same "ultimate objective," enjoining the Notice of Denial, and so BlueTriton adequately represents the Nation's itnerest.  (Opp. at 11 (quoting Perry v. Prop. 8 Off. Proponents, 587 F.3d 947, 951 (9th Cir. 2009)).)

While it is true that a success by BlueTriton in this litigation would protect the Nation's interest in continued water deliveries, such a statement does not account for the full spectrum of strategies and outcomes possible in this case.  The Nation's water rights, for example, are not at issue in the Water Board's Order.  But in its opposition to BlueTriton's motion for a preliminary injunction, the Forest Service urged this Court to abstain from deciding that motion while state court proceedings continued.  (PI Opp. at 13.)  While the Forest Service contests to what extent the Order establishes a riparian right, it is undisputed that the Nation's rights are not at issue in those proceedings.  (Opp. at 12.)  BlueTriton is incentivized to argue that it should be able to divert the full amount of water from all twelve tunnels and boreholes, but the Nation may (and does in its preliminary injunction motion) advance different theories and arguments for narrower relief reflecting the differentiated legal status of its water rights as this case proceeds on the merits.

Because the Court finds the Nation meets the requirements to intervene as of right, it does not reach the question of permissive intervention.

### V.     CONCLUSION

After considering the requirements of Rule 24, the Court **GRANTS** the Nation's motion to intervene.  The Nation's Complaint-in-Intervention and Motion for Preliminary Injunction are deemed filed as of the filing of this Order.

**IT IS SO ORDERED.**