SOMACH SIMMONS & DUNN
MICHAEL W. DAUGHERTY, ESQ. (Co. Bar No. 49074)
Pro Hac Vice
RAMSEY L. KROPF, ESQ. (Co. Bar No. 21528)
Pro Hac Vice
1155 Canyon Blvd., Suite 110
Boulder, CO 80302
Telephone (916) 446-7979
mdaugherty@somachlaw.com
rkropf@somachlaw.com

LAW OFFICE OF FRANK LAWRENCE
FRANK LAWRENCE, ESQ. (Ca. Bar No. 147531)
ZEHAVA ZEVIT, ESQ. (Ca. Bar No. 230600)
111 Bank St. No. 175
Grass Valley, CA 95945
Telephone: (530) 362-8434
frank@franklawrence.com
zehava@franklawrence.com

Attorneys for [PROPOSED] Defendant-Intervenor
YUHAAVIATAM OF SAN MANUEL NATION,
a federally recognized Indian tribe, also federally recognized as
SAN MANUEL BAND OF MISSION INDIANS

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION – RIVERSIDE**

| | |
|---|---|
| SAVE OUR FOREST ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES FOREST SERVICE,<br><br>RANDY MOORE, in his official capacity as Chief of the U.S. Forest Service, | Case No.: 5:24-cv-01336-JGB-DTB<br><br>**[PROPOSED] INTERVENOR YUHAAVIATAM OF SAN MANUEL NATION'S OBJECTIONS TO PLAITNIFF'S "STIPULATION FOR PROPOSED BRIEFING SCHEDULE" and WITHDRAWAL OF CONSENT TO** |

| | |
|---|---|
| CHRISTOPHER FRENCH, in his official capacity as Deputy Chief for the National Forest System of the U.S. Forest Service,<br><br>JENNIFER EBERLEIN, in her official capacity as Regional Forester for the Pacific Southwest Region of the U.S. Forest Service,<br><br>DANELLE HARRISON, in her official capacity as Forest Supervisor of the San Bernardino National Forest of the U.S. Forest Service,<br><br>MICHAEL NOBLES, in his official capacity as Front Country District Ranger of the U.S. Forest Service,<br><br>                            Defendants.<br><br>YUHAAVIATAM OF SAN MANUEL NATION, a federally recognized Indian tribe,<br><br>     [PROPOSED] Defendant-Intervenor. | **CONTINUE 8/4/25 HEARING ON THE NATION'S MOTION TO INTERVENE**<br><br>Action Filed: June 25, 2024<br>Trial Date: March 31, 2026 |

## I.    INTRODUCTION

[Proposed] Defendant-Intervenor Yuhaaviatam of San Manuel Nation ("Nation"), a federally recognized Indian tribe, hereby objects to the "Stipulation for Proposed Briefing Schedule" filed by Plaintiff on July 14, 2025 (the "Stipulation"). *See* ECF Doc. 62. The Stipulation seeks an order scheduling Defendants' preparation of the administrative record, and thereafter, deadlines for briefs and a hearing for cross motions for summary judgment. The Court should reject the Stipulation because it seeks to put the proverbial cart before the horse ─ asking the Court to reach the merits of Plaintiff's claims before the Court considers

the Nation's motion to intervene, and if granted, motion challenging the Court's jurisdiction to adjudicate those claims.

Furthermore, the parties' actions smack of collusive gamesmanship. Neither Plaintiff's counsel nor Defendants' counsel told the Nation's counsel about the planned Stipulation, despite their communications about Plaintiff's desire to continue the hearing on the Nation's pending motion to intervene. The Nation's counsel also was not consulted regarding, and did not consent to, the Stipulation. Given the Nation's pending motion to intervene, together with its motion to dismiss based on jurisdictional grounds, the Stipulation – which is aimed at moving the case closer to adjudication of the merits – is premature.

For the reasons set for the below, the Nation respectfully objects to the Stipulation and requests that the Court decline to enter the Stipulation's requested order. Instead, the Court should first adjudicate the Nation's motion to intervene and, if that motion is granted, the Nation's jurisdictional motion to dismiss, before ordering preparation of the administrative record and setting dates for cross motions for summary judgment. That approach would best serve important considerations of judicial economy and the parties' resources, as well as the Court's fundamental duty to establish its jurisdiction *before* proceeding on the merits. *See In re Ozenne*, 841 F.3d 810, 814 (9th Cir. 2016) ("a federal court must first determine whether it has jurisdiction before reaching the merits of a case") (*citing Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430–31 (2007)).

## II.   PROCEDURAL BACKGROUND

On March 6, 2025, the Nation filed a motion to intervene. *See* ECF Doc. 38. The motion was accompanied by the required proposed pleading in intervention, *see* Fed. R. Civ. P. 24(c), which is a Motion to Dismiss pursuant to Fed. R. Civ. P.

19 for failure to join a required party.  *See* ECF Docs. 14-16 ([Proposed] Notice of Motion to Dismiss, [Proposed] Memorandum of Points and Authorities in support of Motion to Dismiss, and [Proposed] Order Granting Motion to Dismiss).  Plaintiff opposed the intervention motion on June 16, 2025.  *See* ECF Doc. 55.  The Nation filed its reply brief in support of intervention on June 23, 2025.  *See id.* 57.  Defendants filed no response to the Nation's intervention motion.

The intervention motion was calendared for hearing on June 9, 2025, which hearing date was continued to July 7, 2025, by stipulation of all counsel.  *See* ECF Doc. 50 (stipulation); *id.* 52 (Order continuing hearing to 7/7/2025).  On July 2, 2025, the Court *sua sponte* continued the hearing again to August 4, 2025.  *See id.* 59.

On July 7, 2025, Plaintiff's counsel emailed counsel for Defendants and the Nation, seeking a stipulation to continue the hearing on the Nation's motion to intervene, ostensibly so Plaintiff's counsel could attend the hearing in person rather than remotely as she had a vacation planned for August 4th.  That same date the Nation's counsel agreed to a new hearing date of September 15, 2025.  Also on July 7, 2025, Defendants' counsel replied that "I think I can do September 15 …."

When seeking a stipulation to continue the hearing date, Plaintiff's counsel never told the Nation's counsel about her plan to seek preparation of the administrative record, let alone, ask the Court for a briefing and hearing schedule for cross-motions for summary judgment.  Nor did Defendants' counsel mention the issue when communicating with the Nation's counsel.  The Nation first learned yesterday of the parties' stipulation regarding preparation of the administrative record and briefing schedule for cross-motions for summary judgment when Plaintiff filed it, along with a proposed order, on July 14, 2025.  *See* ECF Doc. 62.  Accordingly, when the Nation agreed to Plaintiff's counsel's request to continue the hearing on its motion to intervene from August 4, 2025, to September 15, 2025,

it did so without knowing that Plaintiff and Defendants planned to seek to advance the case to a resolution on the merits, despite the Nation's pending effort challenging the Court's very jurisdiction to adjudicate the merits.

### III.  THE NATION'S OBJECTIONS TO THE STIPULATION

The Nation's proposed motion to dismiss presents a threshold jurisdictional challenge to this lawsuit, namely that the lawsuit should be dismissed because the Nation is a required party that cannot be joined pursuant to Federal Rule of Civil Procedure 19.  *See* ECF Doc. 38-15.  Until the Court adjudicates the Nation's pending motion to intervene and, if granted, its jurisdictional motion to dismiss, the Court's jurisdiction to adjudicate Plaintiff's claims is in question, and it is premature to proceed with the administrative record's preparation.  Similarly, and more fundamentally, until the Court determines its jurisdiction under the Nation's motion to dismiss, it is premature to set a briefing schedule for the Court to reach the merits on cross-motions for summary judgment — motions that, the Nation contends, the Court lacks jurisdiction to adjudicate.  *See In re Ozenne*, 841 F.3d 810, 814 (9th Cir. 2016) ("a federal court must first determine whether it has jurisdiction before reaching the merits of a case") (*citing Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430–31 (2007)).  See also see also *United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 966 (9th Cir.2004) ("[A] district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments," *citing Mitchell v. Maurer*, 293 U.S. 237, 244 (1934)); *see also Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594–95 (9th Cir.1996) (lack of subject matter jurisdiction may be raised at any time by either party or by the court *sua sponte*); *Thiara v. Kiernan*, No. C06–03503 MJJ, 2006 WL 3065568, *2 (N.D. Cal. Oct.25, 2006) ("A district court

has an independent obligation to examine whether removal jurisdiction exists before deciding any issue on the merits").

### IV. THE AUGUST 4, 2025, HEARING ON THE NATION'S MOTION TO INTERVENE SHOULD REMAIN ON CALENDAR

When the Nation agreed on July 7, 2025, to Plaintiff's desired stipulation to continue the August 4, 2025, hearing on the Nation's motion to intervene, it did so without knowing Plaintiff's counsel planned to ask this Court to order preparation of the administrative record and setting a briefing schedule for cross-motions for summary judgment. Had Plaintiff disclosed those facts, the Nation would not have consented to continuing the hearing because doing so disadvantages the Nation and wastes its resources under the present circumstances which Plaintiff did not disclose. It is, quite clearly, an effort to invite the Court to address the merits of Plaintiff's claims, before the Nation's jurisdictional challenge is resolved. Therefore, for the reasons set forth above, and given that the Court has not yet continued the hearing, the Nation hereby withdraws its consent to continuing the August 4, 2025, hearing. Plaintiff should not be rewarded for knowingly withholding material facts when soliciting the Nation's consent.

The Nation's motion to intervene is fully briefed and ready for argument. The Nation respectfully requests that the Court keep the hearing on its intervention motion on calendar on August 4, 2025, as set by the Court's Order. See ECF Doc. 59 (July 2, 2025 Order).

### III. CONCLUSION

For the foregoing reasons, the Nation respectfully requests that the Court reject Plaintiff's proposed schedule for preparing the administrative record and briefing schedule for cross-motions for summary judgment, until the Court has

adjudicated the Nation's motion to intervene and, if intervention is granted, the Nation's motion to dismiss under Rule 19. In addition, the Nation respectfully requests that the Court leave the August 4, 2025, hearing on calendar to hear the Nation's motion to intervene.

DATED: July 15, 2025

Respectfully submitted,
LAW OFFICE OF FRANK LAWRENCE

By /S/_____
    Frank Lawrence, Esq.
Attorneys for Specially Appearing (Proposed) Intervenor Yuhaaviatam of San Manuel Nation