ADAM R.F. GUSTAFSON
Acting Assistant Attorney General
United States Department of Justice
Environment & Natural Resources Division

ANDREW A. SMITH (NM #8341)
Senior Trial Attorney
Natural Resources Section
201 Third Street NW, Suite 900
Albuquerque, New Mexico 87102
(202) 598-3803
andrew.smith@usdoj.gov

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAVE OUR FOREST ASSOCIATION, INC.,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES FOREST SERVICE, *et al.,*<br><br>Defendants. | Case No. 5:24-cv-01336-JGB-DTB<br><br>**DEFENDANTS' REPLY TO PROPOSED-INTERVENOR'S "OBJECTIONS" TO THE PARTIES' STIPULATION FOR PROPOSED BREIFNG SCHEDULE** |

Defendants, by and through undersigned counsel of record, hereby reply to Proposed-Intervenor's July 15, 2025 "Objections to Plaitniff's [sic] 'Stipulation for Proposed Briefing Schedule' and Withdrawal of Consent to Continue 8/4/25 Hearing on the Nation's Motion to Intervene," ECF No. 63, as follows:

1. Proposed-Intervenor's Objections are based on several false premises. Most fundamentally, Proposed-Intervenor falsely asserts that the Parties'

Stipulation for a briefing schedule "is aimed at moving the case closer to adjudication of the merits." ECF No. 63 at 3. The Stipulation does no such thing. Under the Stipulation, the *earliest* that briefing on the merits (the Parties' cross-motions for summary judgment) would be complete is approximately March 5, 2026. *See* ECF No. 62 ¶¶ 8-11 (setting forth a proposed briefing schedule which is tiered off the lodging of the Administrative Record on September 5, 2025 and would end approximately March 5, 2026, if Plaintiff does not file any motion challenging the content or sufficiency of the Administrative Record). In contrast, under the Court's current March 6, 2025 "Civil Trial Scheduling Order," the Parties' cross-motions for summary judgment would have to be fully briefed *and heard* by February 2, 2026. ECF No. 40 at 1 ("Dispositive Motion Hearing Cut Off: 2/2/2026 at 9:00 AM"). Indeed, under the Court's "Civil Trial Scheduling Order," the Parties could notice and file their cross-motions for summary judgment today, much sooner than under the schedule proposed in the Stipulation.

2. Rather than trying to expedite a merits ruling as Proposed-Intervenor incorrectly asserts, the sole purpose of the Parties' Stipulation is to provide for an orderly briefing schedule for a case challenging federal agency action under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706, which will be resolved on dispositive cross-motions for summary judgment. The Court's March 6, 2025 "Civil Trial Scheduling Order" provides a schedule for a typical, non-APA civil case. Cases challenging federal agency action under the APA, however, are different and typically do not include discovery, expert witnesses, motions in limine, and trials. Instead, such APA cases are almost invariably resolved on

dispositive cross-motions for summary judgment based on the Court's review of the Administrative Record for the federal agency action. *See, e.g.*, *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471-72 (9th Cir. 1994) (discussing the standards of review under both the APA and Fed. R. Civ. P. 56). The Parties' Stipulation sets forth the appropriate procedural steps for reaching that resolution in this case, and on a schedule that is commensurate with the schedule that this Court had already set in place for a trial, which will not be necessary.

3. Thus, the fundamental premise for Proposed-Intervenor's Objections and ostensible withdrawal of its "consent" to continue the August 4, 2025 hearing date on the motion to intervene is erroneous. If anything, the Parties' Stipulation provides the Court with *more* time to consider Proposed-Intervenor's motion to intervene--and, if applicable, its motion to dismiss--before resolving this case on the merits.

4. While Proposed-Intervenor complains that it was not included in the Parties' discussions concerning an appropriate schedule for resolving the APA claims in this matter, Proposed-Intervenor has moved to specially intervene in this matter "for the *sole* purpose of moving to dismiss the action based on [Federal Rule of Civil Procedure] 19." ECF No. 38 at 3 (emphasis added); *see also* ECF No. 38-1 at 2 (proposed order that would grant intervention "for the limited purpose of moving to dismiss"). Thus, Proposed-Intervenor has no interest in the schedule for production of the Administrative Record or briefing this matter on dispositive cross-motions for summary judgment. Proposed-Intervenor will not be involved in any merits proceedings in this case, even if it is granted intervention.

5. If Proposed-Intervenor was truly concerned about this Court ruling on the merits of this case before addressing Proposed-Intervenor's motions to intervene and to dismiss, and about conserving the Parties' and the Court's resources, it should have sought leave to vacate or stay the Court's Scheduling Order when that order was entered in March. Proposed-Intervenor did not seek to do so then, and its alleged concerns now about this case moving forward on the merits ring hollow.

Proposed-Intervenor is not a party to this litigation, and its Objections to the Parties' Stipulation are without basis in fact or law. The Court should grant the Parties' "Stipulation for Proposed Briefing Schedule," ECF No. 62, as well as the Parties' and Proposed-Intervenor's July 14, 2025 "Stipulation to Continue Hearing Date on Motion to Intervene," ECF No. 60.[1]

Submitted on July 17, 2025.

ADAM R.F. GUSTAFSON
Acting Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice

*/s/ Andrew A. Smith*
ANDREW A. SMITH
Senior Trial Attorney
EMMA L. HAMILTON

---

[1] In her email advising counsel for Proposed-Intervenor and Defendants that she was not available to attend the rescheduled hearing on the motion to intervene on August 4, 2025, counsel for Plaintiff proposed alternative hearing dates of August 18, August 25, September 8, September 15, September 22, and September 29. Counsel for Proposed-Intervenor rejected *all* of the earlier (and later) dates, advising that Proposed-Intervenor would only be available on September 15.

Trial Attorney
Natural Resources Section
c/o United States Attorney's Office
201 Third Street, N.W., Suite 900
Albuquerque, New Mexico 87102
andrew.smith@usdoj.gov

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 17, 2025, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will automatically send email notification to the attorneys of record.

/s/ Andrew A. Smith
Andrew A. Smith
U.S. Department of Justice