Rachel S. Doughty (Cal. Bar No. 255904)
rdoughty@greenfirelaw.com
Cyrus J. Moshiri (Cal. Bar No. 315717)
cmoshiri@greenfirelaw.com
GREENFIRE LAW, PC
2478 Adeline Street, Suite A
Berkeley, CA 94703
Ph/Fax: (510) 900-9502

*Attorneys for Save Our Forest Association, Inc.*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION – RIVERSIDE

| | |
|---|---|
| SAVE OUR FOREST ASSOCIATION, INC.<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES FOREST SERVICE, *et al.*,<br><br>Defendants. | Case No.: 5:24-cv-01336-JGB-DTB<br><br>**PLAINTIFF'S REPLY TO PROPOSED INTERVENOR'S OBJECTION TO STIPULATION FOR PROPOSED BRIEFING SCHEDULE (ECF 63)**<br><br>Current Date: August 4, 2025<br>**Proposed Date: September 15, 2025**<br>Time:<br>Judge: Hon. Jesus G. Bernal<br>Dept:   Courtroom 1, Riverside<br><br>Action Filed: June 25, 2024<br>Trial Date:  March 31, 2026 |

## I. Introduction

Plaintiff respectfully submits this reply to the Proposed Intervenor's "Objections to Plaintiff's 'Stipulation for Proposed Briefing Schedule' and Withdrawal of Consent to Continue 8/4/25 Hearing on the Nation's Motion to Intervene." ECF No. 63 ("**Objections**"). Proposed intervenor's objections are meritless as (1) proposed intervenor is not a party to the case, (2) proposed intervenor will not be prejudiced by a delay in briefing of the merits of this case, which it does not intend to participate in and which will not be resolved prior to a hearing on its motion to intervene. Plaintiff joins in the facts and arguments presented in "Defendants' Reply to Proposed Intervenor's 'Objections' to the Parties' Stipulation for Proposed Briefing Schedule", ECF 64 "**Defendants' Reply**", Plaintiff and Defendants collectively, "**Parties**"). Plaintiff respectfully requests this Court enter (1) the Proposed Order on Stipulation to Continue Hearing Date (ECF 60-1) to the date the parties to this litigation and the party seeking intervention are all available: September 15, 2025, and (2) the Proposed Order adopting the Proposed Briefing Schedule on the merits of this case (ECF 62-1), setting a briefing schedule which will result in fully briefed merits no earlier than March 2026.

## II. Facts

This case was filed in June, 2024, with a First Amended Petition filed on August 27, 2024 (ECF 24) seeking review of the United States Forest Service's

1  issuance of special use permits ("**SUPs**") to BlueTriton Brands, Inc. ("**BTB**"), and its
2  predecessors in interest, allowing diversion of water from federal lands, and
3  additionally challenging the environmental analysis relied upon by the USFS in
4  issuing those SUPs.
5      The 2023 SUP issued to BTB (FCD728503) specifically states that there are no
6  third party beneficiaries to the SUP, the SUP does not "provide for the furnishing of .
7  . . water," the "holder" of the SUP (BTB) must obtain all state and local water rights
8  for wells, and the contract, willingly entered into by BTB with the USFS, limited
9  what BTB could do with water BTB diverts through the structure authorized by the
10 USFS. The SUP twice expressly recites that it conveys no water rights, and BTB did
11 not identify any water rights--belonging to itself or to any other party in its
12 application. (Doughty Declaration, ECF 65-1 ("**Doughty Decl.**", ¶ 4)
13     The Tribe is not the holder of any of the SUPs at issue in this case, nor does it
14 have any authorization from the USFS to enter onto federal land and divert water or
15 place or maintain a diversion structure. (Doughty Decl., ¶ 5.) As a result, nothing in
16 this case requires the Court make any finding regarding any water right the Nation
17 may assert. The Nation previously conveyed, through BTB, a statement that: "The
18 Tribe is not a party to, nor is it bound by the terms of the Permit or the Order, and
19 therefore, to the extent either refers to the Tribe's land ownership or water rights
20
21

claims, they do not adjudicate, resolve, or quantify any of the Tribe's claims or rights as they relate to land and water." (Doughty Decl. ¶ 5)

The Nation waited to file its Motion to Intervene (ECF 38) in this matter until March 6, 2025. The Nation seeks to intervene for the sole purpose of seeking dismissal of the case. *Id*. The Motion to Intervene has been fully briefed and awaits only a hearing. The Parties earlier agreed to continue the hearing on the Motion to Intervene upon request of counsel for the Nation from June 9, 2025, until July 7, 2025. (ECF 50) Upon its own initiative, the Court moved the hearing date to August 4, 2025. (ECF 59) Plaintiff, who has not previously requested any delay to the hearing date on the Motion to Intervene, requested of counsel for Defendant and the Nation that the hearing be moved to accommodate a prior-planned vacation of counsel in Upstate New York. (ECF 60, 61) Counsel for Plaintiff suggested as alternative dates August 18, August 25, September 8, September 15, September 22, and September 29. Counsel for the Nation identified only September 15, 2025, as available, to which the Defendants also agreed. (Doughty Decl., ¶¶1-3)

The Plaintiff and Defendants have been engaged for some months in discussing the content of and preparation of the Administrative Record in this matter, finally arriving on the Proposed Briefing Schedule. (Doughty Decl., ¶6, ECF 62)

4

PLAINTIFF'S REPLY TO PROPOSED INTERVENOR'S OBJECTION TO STIPULATION FOR PROPOSED BRIEFING SCHEDULE
5:24-cv-01336-JGB-DTB

### III.    Argument

Plaintiff agrees with and adopts the argument presented by Defendants (ECF 64), and makes the following additional points:

First, the Nation has not yet intervened in this case, is therefore a non-party, and so should not be permitted yet to participate in the substance of the case unless and until it is allowed to intervene. *United States ex rel. Eisenstein v. City of New York*, 556 U.S. 928, 933 (2009). That a would-be intervenor may stand to be bound by a judgment or otherwise adversely affected by it does not make him a party to the suit. *Robert Ito Farm, Inc. v. Cnty. of Maui*, 842 F.3d 681, 687 (9th Cir. 2016), *quoting Einstein*, 556 U.S. at 934.

Second, the Nation erroneously states that the Stipulation asks this Court to reach the merits of Plaintiff's claims before the Court considers Proposed Intervenor's motion to intervene and intended motion challenging jurisdiction. By force of simple math alone, this is not the case. *See* Defendants' Reply, p. 1. If the Nation is allowed to intervene and there is an issue it wishes to raise regarding the litigation of the case, the time for it to do so is after it is made a party to the case, not before. There will be ample time to do so, as the earliest date that briefing on the merits would be completed under the proposed briefing schedule of the Parties is March 5, 2026. ECF No. 62 at ¶¶8-11.

Third, the Nation's claim of gamesmanship is not well received, nor is it rooted in any fact. When counsel for Plaintiff emailed counsel for Proposed Intervenor and Defendants on July 7, 2025, to seek consent for a brief continuance of the hearing date on Proposed Intervenor's motion to intervene, Plaintiff's counsel did so in good faith due to a genuine conflict. Plaintiff's counsel offered multiple potential new dates, including one two weeks after the current August 4, 2025 date. (Doughty Decl., ¶3) Counsel for Proposed Intervenor would agree only to September 15. Additionally, the stipulated briefing schedule is the product of months of discussion between the Parties. (Doughty Decl., ¶6)

### IV.  Conclusion

For the foregoing reasons, Plaintiff respectfully requests that the Court adopt the [Proposed] Order on Stipulation to Continue Hearing Date, ECF 60-1, and the Order on Stipulation for Proposed Briefing Schedule, ECF No. 62-1.

Dated: July 18, 2025

Respectfully Submitted,

By: /s/ Rachel S. Doughty
Rachel S. Doughty

*Attorneys for Save Our Forest Association, Inc.*

6

PLAINTIFF'S REPLY TO PROPOSED INTERVENOR'S OBJECTION TO STIPULATION FOR PROPOSED BRIEFING SCHEDULE
5:24-cv-01336-JGB-DTB

**CERTIFICATE OF SERVICE**

I hereby certify that on July 19, 2025, I electronically filed and served the foregoing with the Clerk of the Court for the United States District Court for the Central District of California using the CM/ECF system, which will send notification of this filing to the attorneys of record.

                                        */s/ Jessica San Luis*
                                        Jessica San Luis

PLAINTIFF'S REPLY TO PROPOSED INTERVENOR'S OBJECTION TO STIPULATION FOR PROPOSED BRIEFING SCHEDULE
5:24-cv-01336-JGB-DTB