UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 24-1336 JGB (DTBx)** | Date | September 11, 2025 |
| Title | *Save our Forest Association v. United States Forest Service, et al.* | | |

Present: The Honorable    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order (1) GRANTING Yuhaavaitam of San Manuel Nation's Motion to Intervene (Dkt. No. 38); (2) VACATING September 15, 2025 hearing; and (3) DENYING AS MOOT Requests to Appear Remotely (Dkt. Nos. 66, 67, 68, 70, 74) (IN CHAMBERS)

    Before the Court is a motion to intervene for limited purpose of motion to dismiss by Proposed Intervenor-Defendant Yuhaaviatam of San Manuel Nation ("San Manuel"). ("Motion," Dkt. No. 38.) The Court finds the Motion appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support of and in opposition to the Motion, the Court **GRANTS** the Motion to Intervene. The Court **VACATES** the September 15, 2025 hearing.

## I.  BACKGROUND

    On June 25, 2024, Plaintiff Save our Forest Association ("SOFA" or "Plaintiff") filed a complaint against defendants U.S. Forest Service ("USFS") and Michael Nobles ("Nobles"), the Acting District Ranger for the Sen Bernardino National Forest (collectively, "Defendants"). ("Complaint," Dkt. No. 1.) On August 27, 2024, Plaintiff filed a first amended complaint. ("FAC," Dkt. No. 24.) Plaintiff alleges that USFS allows BlueTriton Brands, Inc. ("BTB") to illegally occupy the San Bernardino National Forest and divert water from Strawberry Creek in violation of the Federal Land Policy Management Act ("FLPMA"), the National Forest Management Act ("NFMA"), the Administrative Procedure Act ("APA"), and the National Environmental Policy Act ("NEPA"). (FAC ¶¶ 1-5, 104-118.) Defendants filed an answer on November 8, 2024. (Dkt. No. 29.)

San Manuel has been aware of this case since it was filed and worked with Plaintiff and Defendants to represent its interest. (Declaration of Eric Ustation, Dkt. No. 38-4 ¶¶ 7-13.) However, USFS informed San Manuel a few weeks ago that San Manuel should stop communicating with SOFA. (Compl. at 13.) As a result, San Manuel filed this Motion to protect its interests. (Id.) Plaintiff filed an opposition to the Motion on July 7, 2025. ("Opposition," Dkt. No. 55.) San Manuel filed a reply on June 23, 2025. ("Reply," Dkt. No. 57.) Defendants have not taken a position on the Motion.

## II. FACTUAL ALLEGATIONS

SOFA alleges the following in its FAC: In the early 1900s, Strawberry Creek was a perennial stream that provided water for a bucolic landscape in Strawberry Canyon and supported abundant fishing. (FAC ¶¶ 50-54.) The West Fork of Strawberry Creek originates in the San Bernardino National Forest ("SBNF") and Strawberry Creek flows through the SBNF. (Id. ¶ 48.) In 1893, the SBNF was reserved to conserve the water supply and timber for adjoining communities. (Id. ¶ 57.) However, beginning in 1931 the USFS issued Special Use Permits ("SUP") to allow for the diversion of water from Strawberry Creek for the purpose of bottling water. (Id.) At present, BTB is the sole entity allowed to divert water from Strawberry Creek. (Id. ¶ 59.) BTB's diversion of water has decreased the historical flow of water and negatively impacted the ability of flora and fauna to flourish in Strawberry Canyon. (Id. ¶ 59.) Furthermore, the San Bernardino Valley Municipal Water District and the San Bernardino Valley Water Conservation District have reported a reduction in the quantity of water to which they are entitled and damage to natural resource restoration efforts. (Id. ¶ 63.) USFS signed a SUP for BTB on August 18, 2022, which expired six days later on August 24, 2022. (Id. ¶ 83.) USFS signed a second SUP for BTB on February 21, 2023, which expired on August 24, 2023. (Id. ¶¶ 86, 88.) USFS barred BTB from any use of USFS lands on July 26, 2024, but has allowed BTB to "continue to occupy" the SBNF until September 2, 2024 in order to deliver water to the San Manuel. (Id. ¶¶ 94, 96.) USFS has violated the FLPMA and NFMA in granting BTB SUPs and allowing BTB to continue operating in the SBNF. (Id. ¶¶ 104-114.) USFS also violated the APA by failing to conduct supplemental NEPA analysis before granting the two SUPs to BTB. (Id. ¶¶ 1151-18.)

SOFA is a nonprofit organization based in Rimforest, CA dedicated to protecting the "the long-term health and vitality of the forest ecosystem in the San Bernardino Mountains." (Id. ¶ 9). SOFA is a membership organization whose members regularly visit the SBNF, including Strawberry Canyon, and who intend to continue visiting the SBNF. (Id. ¶ 12.)

//
//
//
//
//
//
//

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 24 provides that a non-party may intervene in a given action either by right or with permission of the Court. Fed. R. Civ. P. 24(a)-(b).

**A. Intervention of Right**

Federal Rule of Civil Procedure 24(a) provides:

> (a) Intervention of Right. On timely motion, the court must permit anyone to intervene who:
> (1) is given an unconditional right to intervene by a federal statute; or
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(1)-(2). Absent a statutory right to intervene under Rule 24(a)(1), the proposed intervenor must therefore demonstrate the following to intervene as of right under Rule 24(a)(2):

> (1) [T]he [applicant's] motion must be timely; (2) the applicant must have a "significantly protectable" interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action.

Freedom from Religion Found., Inc. v. Geithner, 644 F.3d 836, 841 (9th Cir. 2011) (citation omitted). While the proposed intervenor has the burden of establishing these elements, courts interpret the elements broadly in favor of intervention. See Prete v. Bradbury, 438 F.3d 949, 954 (9th Cir. 2006).

**B. Permissive Intervention**

Under Rule 24(b), the Court may, on timely motion, permit anyone to intervene who "is given a conditional right to intervene by a federal statute," or "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(A)-(B). The Ninth Circuit has stated that permissive intervention "requires (1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action." Geithner, 644 F.3d at 843. Although the burden is on the prospective intervenor to demonstrate that the conditions for intervention are satisfied, see Petrol Stops Nw. v. Continental Oil, Co., 647 F.2d 1005, 1010 n.5 (9th Cir. 1981), even if these "threshold requirements" are satisfied, the court retains discretion to deny permissive intervention. Donnelly v. Glickman, 159 F.3d 405, 412 (9th Cir. 1998); see also

Orange v. Air Cal., 799 F.2d 535, 539 (9th Cir. 1986) ("Permissive intervention is committed to the broad discretion of the district court.")

In addition to the threshold requirements, courts also consider a number of additional factors in deciding whether to permit intervention, such as:

> the nature and extent of the intervenors' interest, their standing to raise relevant legal issues, the legal position they seek to advance, and its probable relation to the merits of the case[,] whether changes have occurred in the litigation so that intervention that was once denied should be reexamined, whether the intervenors' interests are adequately represented by other parties, whether intervention will prolong or unduly delay the litigation, and whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented.

Perry v. Schwarzenegger, 630 F.3d 898, 905 (9th Cir. 2011) (quoting Spangler v. Pasadena Bd. of Educ., 552 F.2d 1326, 1329 (9th Cir. 1977)).

### IV.  DISCUSSION

**A. Timeliness**

The Court must consider the following three factors in determining the timeliness of a motion to intervene: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." League of United Latin Am. Citizens v. Wilson, 131 F.3d 1297, 1302 (9th Cir. 1997) (quoting County of Orange v. Air California, 799 F.2d 535, 537 (9th Cir. 1986)). "Timeliness is a flexible concept" entrusted to the "considerable discretion" of this Court. Dilks v. Aloha Airlines, 642 F.2d 1155, 1156 (9th Cir. 1981).

The Court finds that the Motion is timely. San Manuel filed the Motion at an early stage of these proceedings prior to "any hearings or rulings on substantive matters." Idaho Farm Bureau Fed'n v. Babbitt, 58 F.3d 1392, 1397 (9th Cir. 1995). As a result, the first factor weighs in favor of timeliness.

With regards to the second factor, Plaintiff argues that they "will be significantly prejudiced" because San Manuel hopes to intervene in order to move to dismiss the case. (Opposition at 19.) Granting the motion to intervene would be tantamount do "eliminating Plaintiff's right to judicial review." (Id.) However, intervention does not dismiss a case; it instead serves the "efficient resolution of issues and broadened access to the courts." United States v. City of Los Angeles, Cal., 288 F.3d 391, 397 (9th Cir. 2002) (citing Forest Conservation Council v. U.S. Forest Serv., 66 F.3d 1489, 1497 n.8 (9th Cir. 1995)). Furthermore, prejudice is not determined "from the fact that including another party in the case might make resolution more difficult." Smith v. Los Angeles Unified Sch. Dist., 830 F.3d 843, 857 (9th Cir. 2016)

(citation modified).  Rather, courts analyze the prejudice that "flows from a prospective intervenor's failure to intervene after he knew, or reasonably should have known, that his interests were not being adequately represented." Id.  This analysis requires courts to determine the "crucial date" at which "proposed intervenors should have been aware that their interests would not be adequately protected by the existing parties." Id. at 854 (citing Smith v. Marsh, 194 F.3d 1045, 1052 (9th Cir. 1999).  Plaintiff argues that San Manuel has been on notice for 8 years that its water access "was tenuous and contested." (Opposition at 19.)  San Manuel claims that it only became aware that its interests would not be adequately represented when USFS instructed it to cease communications with Plaintiff, which occurred only "a few weeks" prior to filing the Motion, even though USFS had previously advised San Manuel to resolve SOFA's concerns.  (Memorandum at 13.)  Prior to that instruction, San Manuel was in communication with members of Congress, USFS staff, and representatives from SOFA.  (Id.)  The Court finds that the crucial date occurred when USFS instructed San Manuel to cease communications with SOFA and, therefore, Plaintiff would not be prejudiced by San Manuel's intervention.

Finally, delay, the third factor, is measured from the "crucial date." Kalbers v. United States Dep't of Just., 22 F.4th 816, 823 (9th Cir. 2021).  Because only a few weeks elapsed between the crucial date and the filing of the Motion, the Court finds that the short delay was not untimely.  Id. at 825.  Accordingly, the Motion is timely as all three factors weigh in favor of timeliness.

B. Protectable Interest and Disposition of the Action

Rule 24 requires a proposed intervenor to show that the disposition of a case may harm their ability to protect their interest.  Fed. R. Civ. P. 24(a).  "[A] proposed intervenor 'has a significant protectable interest in an action if (1) it asserts an interest that is protected under some law, and (2) there is a relationship between its legally protected interest and the plaintiff's claims.'" Sweet v. Cardona, 121 F.4th 32, 48 (9th Cir. 2024) (citation omitted).  The Court must also determine if "the disposition of the action may, as a practical matter, impair or impede [San Manuel's] ability to protect its interest." Geithner, 644 F.3d at 841 (citation omitted).

San Manuel asserts five interests: (1) its water rights, (2) its contractual rights to receive water from BTB, (3) its ability to operate its government and governmental services, (4) the lives and property of its citizens and of other residents in the region, and (5) its sovereignty.  (Memorandum at 16-17.)  Plaintiff responds that San Manuel has no protectable interest because (1) the agency actions Plaintiff challenges do not authorize any activity on tribal land, or implicate tribal sovereignty or self-governance; (2) the SUPs at issue were not granted to San Manuel and San Manuel is not a third-party beneficiary of BTB's SUP; (3) the financial consequences San Manuel would face if required to construct its own water delivery infrastructure is not a cognizable interest, and (4) permissive intervention would allow San Manuel to pursue its claims and defenses.  (Opposition at 21-25.)  Although Plaintiff is correct that the agency actions Plaintiff challenges under the APA do not directly implicate San Manuel, "a prospective intervenor's asserted interest need not be protected by the statute under which the litigation is brought." Wilderness Soc. v. U.S. Forest Serv., 630 F.3d 1173, 1179 (9th Cir. 2011).  "A putative

intervenor will generally demonstrate a sufficient interest for intervention of right . . . if 'it will suffer a practical impairment of its interests as a result of the pending litigation.'" Wilderness Soc., 630 F.3d at 1180 (citing California ex rel. Lockyer, 450 F.3d 436, 441 (9th Cir. 2006)). Because this litigation could impair San Manuel's interests, in particular its water and contractual rights, the Court finds that San Manuel has a "significant protectable interest." Sweet, 121 F.4th at 48.

Plaintiff additionally disputes whether disposition of this case would harm San Manuel's ability to protect its interests. (Opposition at 25.) Plaintiff makes their argument on the same basis as their opposition to the "significant protectable interest" factor. (Id.) However, having found a significant protectable interest, the Court has "little difficulty concluding that the disposition of this case may, as a practical matter, affect it." California ex rel. Lockyer, 450 F.3d at 442.

**C. Parties' Failure to Protect Interest**

Finally, Plaintiff contends that the United States can adequately represent San Manuel because both have a similar interest in "lawful government procedure." (Opposition at 25-26). San Manuel argues that the United States' interests differ and that the United States does not fully understand San Manuel's position. (Memorandum at 20-21.) The Court agrees that San Manuel has made a sufficient showing for intervention.

In considering whether the United States adequately represents San Manuel's interests, the Court must consider "(1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect." Arakaki v. Cayetano, 324 F.3d 1078, 1086 (9th Cir. 2003). The burden of showing inadequate representation is "minimal." Id.

The Court agrees that the interests of San Manuel and the United States are sufficiently distinct, and the difference supports intervention. As discussed above, the "crucial date" is measured from the point when San Manuel realized that USFS would not adequately represent its interests. USFS has no "vested interest" in the continued provision of water to San Manuel. (Memorandum at 20.) This lack of interest is corroborated by San Manuel's allegation that USFS has misrepresented the water situation San Manuel faces and failed to properly notify San Manuel that it might lose its sole access to water. (Id. at 20-21.) Accordingly, the fourth factor is satisfied.

Having found all four factors satisfied, the Court grants San Manuel's motion to intervene as of right.

Because the Court finds that San Manuel meets the requirements to intervene as of right, the Court would also find that, in the alternative, San Manuel meets the similar requirements for

permissive intervention under Fed. R. Civ. P. 24(b).  <u>Apartment Ass'n of Los Angeles Cnty., Inc. v. City of Los Angeles</u>, No. CV-20-05193-DDP-JEM, 2020 WL 4501792, at *3 (C.D. Cal. Aug. 5, 2020).

## V.     CONCLUSION

For the above reasons, the Court **ORDERS** as follows:

1. San Manuel's Motion (Dkt. No. 38) is **GRANTED.**

2. The Court **VACATES** the September 15, 2025 hearing.

3. The Court **DENIES** Plaintiff, Defendants, and San Manuel's requests (Dkt. Nos. 66, 67, 68, 70, 74) to appear remotely as moot.

**IT IS SO ORDERED.**