1 | Rachel S. Doughty (Cal. Bar No. 255904)
rdoughty@greenfirelaw.com
2 | GREENFIRE LAW, PC
2478 Adeline Street, Suite A
3 | Berkeley, CA 94703
Ph/Fax: (510) 900-9502

4

*Attorney for Save Our Forest Association, Inc.*

5

6 | **UNITED STATES DISTRICT COURT**

7 | **CENTRAL DISTRICT OF CALIFORNIA**

8 | **EASTERN DIVISION – RIVERSIDE**

| | |
|---|---|
| SAVE OUR FOREST ASSOCIATION, INC., | Case No.: 5:24-cv-01336-JGB-DTB |
| Plaintiff, | |
| vs. | **PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO COMPLETE THE ADMINISTRATIVE RECORD** |
| UNITED STATES FOREST SERVICE, *et al.*, | |
| Defendants. | Hearing Date: November 24, 2025 |
| YUHAAVIATAM OF SAN MANUEL NATION, a federally recognized Indian tribe, also federally recognized as SAN MANUEL BAND OF MISSION INDIANS, | Hearing Time: 9:00 a.m. |
| | Judge: Hon. Jesus G. Bernal |
| | Dept:  Courtroom 1, Riverside |
| | Action Filed: June 25, 2024 |
| | Trial Date: March 31, 2026 |
| Plaintiff-Intervenor. | |

1
PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO COMPLETE
THE ADMINISTRATIVE RECORD–5:24-cv-01336-JGB-DTB

## I. INTRODUCTION

On September 29, 2025, the USFS lodged the administrative record for this case ("**SOFA v. USFS AR**"). Plaintiff now submits this memorandum in support of its Motion to Complete the Administrative Record to address certain omissions from that record, and specifically: (1) the certified administrative records of a related hearing before the California State Water Resources Control Board, *BlueTriton Brands Inc., v. California State Water Control Board, et al*. (Case No. 23CECG04292) ("**Water Board AR**"), (2) the certified administrative record for the matter of *Center for Biological Diversity v. United States Forest Service* (District Court Case Number CV ED CV 16-00175-JGB)[1] ("**CBD v. USFS AR**"), a related and predecessor case before this Court, and (3) attachments to a letter already in the SOFA v. USFS AR ("**October 2023 Attachments**"). This memorandum is supported by the Declaration of Rachel Doughty in Support of the Motion to Complete the Administrative Record ("**Doughty Decl**."), filed herewith, and by lodged records, to be provided by thumb drive to the Court and by box.com to the other parties to this matter.

## II. FACTS

On March 21, 2025, Plaintiff's counsel wrote to then counsel for Defendants seeking to include (1) the certified Water Board AR, (2) the certified CBD v. USFS

---

[1] Inadvertently referred to by the name of co-plaintiff Story of Stuff Project.

1. AR, and (3) the October 2023 Attachments in the SOFA v. USFS AR. Doughty Decl. ¶ 2. Counsel readily agreed to include the October 2023 Attachments but declined to include the other administrative records in their entirety, stating that the defendants would exclude those records which were "not considered by the Forest Service" but would include those that the Forest Service did consider. Doughty Decl. ¶ 7. There is no way to determine which of the materials, undisputably in the USFS's possession, were in fact disregarded entirely by the USFS.

USFS officials and staff were on the service list for the entirety of the proceeding before the California Water Resources Control Board ("**SWRCB**") regarding water rights and reasonable use of water in Strawberry Canyon. Doughty Decl. ¶¶ 3-4, 6. The USFS "closely observed the process conducted by the [SWRCB] regarding the draft 2021 Cease and Desist Order for unauthorized diversion of water." AR 003159 (Letter from District Ranger Michael Nobles dated Sept. 29, 2023).

On September 29, 2025, the USFS lodged the administrative record, which included only some of the above documents and materials. The documents included from the administrative proceeding before the California State Water Resources Control Board were the "State Water Resources Control Board Division of Water Rights Revised Report of Investigation, INV 8217," AR 002977-002978, and the "Order WR 2023-0042." AR 003567-003712. The USFS omitted from the

3
PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO COMPLETE
THE ADMINISTRATIVE RECORD–5:24-cv-01336-JGB-DTB

administrative record, however, the rest of the documents and materials included in the record for the proceeding.

Likewise, the USFS included only cherry-picked documents from the CBD v. USFS AR, despite the fact that it clearly relied upon prior study of water rights in Strawberry Canyon and the scope of prior permitting. *See, e.g.*, AR 003268-69 (USFS and BTB arguing about the same).

The USFS, furthermore, included in the SOFA v. USFS AR the letter from Rachel S. Doughty to USFS Chief Randy Moore, dated 19, 2023, but failed to include the documents attached to the letter, despite having acknowledged the propriety of including the same. Doughty Decl. ¶ 7, 18.

## III.   LEGAL FRAMEWORK

Under the Administrative Procedure Act ("**APA**"), when determining whether an agency action was arbitrary, capricious, or otherwise not in accordance with the law, "the court shall review the whole record or those parts of it cited by a party." 5 U.S.C. § 706. The whole record, however, "is not necessarily those documents that the *agency* has compiled and submitted as 'the' administrative record." *Thompson v. United States Dep't of Labor*, 885 F.2d 551, 555 (9th Cir. 1989) (emphasis in original). The whole record, rather, consists of "everything that was before the agency pertaining to the merits of its decision." *Portland Audubon Soc. v. Endangered Species Comm.*, 984 F.2d 1534, 1548 (9th Cir. 1993). This includes "all

documents and materials directly or indirectly considered by agency decision-makers and includes evidence contrary to the agency's position." *Thompson v. United States Dep't of Labor*, 885 F.2d at 555. The record is incomplete, for instance, if it omits attachments that are referenced in documents included in the record. *Envtl. Council of Sacramento v. Slater*, 184 F. Supp. 2d 1016, 1029 (E.D. Cal Nov. 2, 2000). Courts "may grant a motion to complete the administrative record where the agency has not submitted the 'whole' record.'" *Thompson v. United States Dep't of Labor*, 885 F.2d at 555.

## IV.   STANDARD OF REVIEW

When reviewing a motion to complete the administrative record, the court begins with a "presumption of completeness." *California v. United States Dep't of Homeland Sec.*, 612 F.Supp. 3d 875, 882 (N.D. Cal April 1, 2020). This presumption can be rebutted through "clear evidence" that the record is not complete. *Id.* This evidence must identify the omitted documents and materials with "sufficient specificity" and "reasonable, non-speculative grounds for the belief that the documents were considered by the agency and not included in the record." *Oceana, Inc. v. Pritzker,* No. 16-cv-06784-LHK (SVK), 2017 U.S. Dist. LEXIS 96067, 2017 WL 2670733, at *2 (N.D. Cal June 21, 2017). It is not necessary to identify "bad faith or improper motive to rebut the presumption." *Id.*

## V. ARGUMENT

All the records SOFA seeks to complete the SOFA v. USFS AR were within the possession of the USFS and were either directly or indirectly considered by the USFS; all pertain to the USFS decisions at issue in this case regarding management of water diversion in Strawberry Canyon. *Thompson v. United States Dep't of Labor*, 885 F.2d at 555; *Portland Audubon Soc. v. Endangered Species Comm.*, 984 F.2d at 1548. Completion is appropriate because, SOFA identifies the improperly excluded documents with sufficient specificity and provides reasonable, non-speculative grounds that the records were considered by the USFS. *Oceana, Inc. v. Pritzker*, No. 16-cv-06784-LHK (SVK), 2017 U.S. Dist. LEXIS 96067, 2017 WL 2670733, at *2 (N.D. Cal June 21, 2017).

### A. The certified Water Board AR should be made part of the SOFA v. USFS AR in its entirety.

The USFS improperly cherry-picked documents from the Water Board AR, despite its own proactive efforts to obtain the entirety of that record. Doughty Decl. ¶ 7; *see* AR 002977-002978 (State Water Resources Control Board Division of Water Rights Revised Report of Investigation, INV 8217); *see also* AR 003567-003712 (Order WR 2023-0042). Three USFS employees were included in service of every single document in the Water Board AR upon their request—Joshua S. Rider, Staff Attorney, Office of the General Counsel, USDA; Joe Rechsteiner, District Ranger-

Front Country Ranger District, San Bernardino National Forest ("**SBNF**") (which includes Strawberry Canyon; and Robert Taylor, Forest Hydrologist, SBNF. Doughty Decl. ¶¶ 3-6. The following are examples of the types of documents omitted in error by failing to include the entirety of the Water Board AR:

    a) Technical reports, referenced in USFS Geo-Sciences Specialist Report for this project's own bibliography. Doughty Decl. ¶ 13

    b) The testimony of Steve Loe, decades-long USFS biologist on the impacted Ranger District, and the reports he relied upon, all of which were in the Water Board AR, served on the USFS on its request. Doughty Decl. ¶ 12.

    c) The testimony of Greg Allord, former Cartographer with the United States Geological Survey ("**USGS**"), establishing conditions prior to diversion based upon historical maps prepared by the USGS, also served on the USFS on its request. Doughty Decl. ¶ 14.

    d) The testimony and referenced historical records compiled by Amanda Frye, served on the USFS on its request and repeatedly provided to the USFS by Ms. Frye. Doughty Decl. ¶ 15.

    e) The Story of Stuff Closing Brief, also submitted as an exhibit to the October 19, 2023, letter from Rachel S. Doughty to USFS Chief Randy Moore.

The administrative record should be completed with these documents and materials because they were before the USFS *on its own request and* pertain to its

decisions to issue SUPs to divert water from Strawberry Canyon. *See Portland Audubon Soc. v. Endangered Species Comm.*, 984 F.2d at 1548.

### B. The certified CBD v. USFS AR should be made part of the SOFA v. USFS AR in its entirety.

All records contained in the certified administrative record for the related case *Center for Biological Diversity v. United States Forest Service* (District Court Case Number CV ED CV 16-00175-JGB)[2] should be included in the SOFA v. USFS AR. *See* ECF 22 (Notice of Pendency of Other Actions or Proceedings). The Decision Notice, environmental analysis, and SUPs issued since 2018 in Strawberry Canyon all flow from the settlement of this earlier case and recommend a continuation of management in Strawberry Canyon by the USFS. Doughty Decl. ¶ 16. These materials establish, inter alia, the historical record of when water was first diverted by BTB's predecessor in interest pursuant to an SUP from the USFS. For example, the older record establishes that the USFS has *never* conveyed any water right to BTB or its predecessors in interest. The administrative record should be completed with these records because, like the Water Board AR, they were before the USFS and pertain to its decision to issue SUPS to divert water from Strawberry Canyon. *See Portland Audubon Soc. v. Endangered Species Comm.*, 984 F.2d at 1548.

---

[2] Decision published at 2016 U.S. Dist. LEXIS 139309 (C.D. Cal. Sep. 20, 2016).

### C. The October 2023 Attachments should be made part of the SOFA v. USFS AR because the USFS agreed to their inclusion.

The USFS agreed to include this letter *and its attached documents* in the SOFA v. USFS AR. *See* Doughty Decl. ¶ 7; *see also* AR 003544-003560 (containing a table of contents for the attached exhibits but no attachments). The administrative record should be completed with the attached documents. *See Envtl. Council of Sacramento v. Slater*, 184 F. Supp. 2d at 1029 (concluding that it was appropriate to include attachments referenced in plaintiff's comment letter).

## VI. CONCLUSION

For the foregoing reasons, Plaintiff respectfully ask that the Court grant Plaintiff's motion and order Defendants to include the certified Water Board AR, the certified CBD v. USFS AR, and the October 2023 Attachments in the SOFA v. USFS AR.

Dated: October 20, 2025                    Respectfully Submitted,

By: /s/ Rachel Doughty
GREENFIRE LAW, PC
Rachel S. Doughty

*Attorney for Save Our Forest Association, Inc.*