1  Rachel S. Doughty (Cal. Bar No. 255904)
   rdoughty@greenfirelaw.com
2  GREENFIRE LAW, PC
   2478 Adeline Street, Suite A
3  Berkeley, CA 94703
   Ph/Fax: (510) 900-9502
4
   *Attorneys for Save Our Forest Association, Inc.*
5

6              **UNITED STATES DISTRICT COURT**

7              **CENTRAL DISTRICT OF CALIFORNIA**

8              **EASTERN DIVISION – RIVERSIDE**

| | |
|---|---|
| SAVE OUR FOREST ASSOCIATION, INC., | Case No.: 5:24-cv-01336-JGB-DTB |
| Plaintiff, | **DECLARATION OF RACHEL DOUGHTY** |
| vs. | |
| UNITED STATES FOREST SERVICE, *et al.*, | Hearing Date: November 24, 2025 |
| | Hearing Time: 9:00 a.m. |
| | Judge: Hon. Jesus G. Bernal |
| Defendants. | Dept:   Courtroom 1, Riverside |
| YUHAAVIATAM OF SAN MANUEL NATION, a federally recognized Indian tribe, also federally recognized as SAN MANUEL BAND OF MISSION INDIANS, | Action Filed: June 25, 2024 |
| | Trial Date: March 31, 2026 |
| Plaintiff-Intervenor. | |

1
**DECLARATION OF RACHEL DOUGHTY**
5:24-cv-01336-JGB-DTB

I, Rachel Doughty, under penalty of perjury, do declare and state:

1. If sworn as a witness, I could and would testify to my personal knowledge of the facts set forth herein.

2. Attached hereto as **Exhibit 1** is a true and correct copy of my April 18, 2025, letter to counsel for the USFS seeking to include certain records in the administrative record for this case ("**SOFA v. USFS AR**"). Specifically, Plaintiff sought the inclusion of the following:

   a) All records contained in the administrative record for the proceedings before the California State Water Resources Control Board, the record of which was assembled and filed in the Fresno County Superior Court case: *BlueTriton Brands Inc., v. California State Water Control Board, et al.* (Case No. 23CECG04292) ("**Water Board AR**");

   b) All records contained in the administrative record for the matter of *Center for Biological Diversity v. United States Forest Service* (District Court Case Number CV ED CV 16-00175-JGB)[1] ("**CBD v. USFS AR**"); and

   c) The attachments to the letter dated October 19, 2023, regarding the permit issued to Nestlé and BlueTriton Brands ("**October 2023 Attachments**").

3. Earlier, on March 21, 2025, I wrote to then-counsel for the USFS, Tyler Alexander, regarding appropriate content for the administrative record, responding to

---

[1] Inadvertently referred to by the name of co-plaintiff Story of Stuff Project.

2
**DECLARATION OF RACHEL DOUGHTY**
5:24-cv-01336-JGB-DTB

Mr. Alexander's request that I provide evidence that the USFS was aware of the administrative record in the hearing before the California Water Resources Control Board ("**Water Board**"). A true and correct copy of this correspondence is attached hereto as **Exhibit 2**, including attachments. The attached evidence I sent to Mr. Alexander included a June 4, 2021, request from Joshua Rider, Staff Attorney, Office of General Counsel, for the USDA, that the following people be included in the hearing before the Water Board:

>Joshua S. Rider, Staff Attorney, Office of the General Counsel, USDA

>John Eichhorst, Pacific Regional Attorney, Office of the General Counsel, USDA

>Thomas Hall, Acting Forest Supervisor, San Bernardino National Forest

>Kay Wiand, Deputy Forest Supervisor, San Bernardino National Forest

>Joe Rechsteiner, District Ranger-Front Country Ranger District, San Bernardino National Forest

>Robert Taylor, Forest Hydrologist, San Bernardino National Forest

>Jim Bacon, Director of Public Services, Pacific Southwest Region, USFS

    Diana Craig, Deputy Director-Ecosystem Conservation,
Pacific Southwest Region, USFS

4. The attachments to the email to Mr. Alexander additionally included a revised service list, dated August 4, 2021, also from Mr. Rider, requesting that Joe Eichhorst, Thomas Hall, Kay Wiand, Jim Bacon, and Diana Craig be removed from the service list for the Water Board proceedings, but that Mr. Rider, Mr. Rechsteiner, and Mr. Taylor remain on the service list.

5. On April 9, 2025, I conveyed an email--similar the March 21 email--to Andrew Smith,[2] after the matter was reassigned within the Department of Justice. A true and correct copy of this correspondence is attached hereto as **Exhibit 3**, including the same attachments as to Exhibit 1, which are omitted here.

6. Joshua S. Rider, Joe Rechsteiner, and Robert Taylor all remained on the service list for the entirety of the Water Board's proceedings. I have attached hereto as **Exhibit 4**, true and correct copy of the service list for the Post Hearing Order, dated May 26, 2022, as evidence that the three Forest Service employees were on the service list for the entirety of the administrative proceeding.

7. Attached hereto as **Exhibit 5** is a true and correct copy of USFS's counsel's May 28, 2025, response to my April 18, 2025, email (Exh. 1). The USFS

---

[2] Notably, Mr. Smith was counsel for the Defendants, Ms. Doughty was counsel for a plaintiff (Story of Stuff Project), and assigned Judge Bernal was the judge in the CBD v. USFS case, filed in 2015.

4
**DECLARATION OF RACHEL DOUGHTY**
5:24-cv-01336-JGB-DTB

explained it would only selectively include materials from the Water Board AR and the CBD v. USFS AR, but agreed to include all of the October 2023 Attachments. Specifically, Mr. Smith stated with regard to the Water Board AR:

> The full administrative record for the specified administrative proceedings was not considered by the Forest Service in the Federal agency's decision-making process for the agency actions challenged in Plaintiff's August 27, 2024 Amended Complaint. The materials that the Forest Service did consider from these proceedings are included in the Administrative Record.

And with regard to the CBD v. USFS AR, Mr. Smith stated:

> The full administrative record for the Story of Stuff case was not considered by the Forest Service in the Federal agency's decision-making process for the agency actions challenged in Plaintiff's August 27, 2024 Amended Complaint. The materials that the Forest Service did consider are included in the Administrative Record.

8. I have placed a true and correct copy of the Water Board AR, certified by the State Water Resources Control Board in the *BlueTriton Brands Inc., v. California State Water Control Board, et al.* (Case No. 23CECG04292), and caused the same to be mailed to this Court on a thumb drive for lodging. A true and correct copy of this record is also available at:

https://app.box.com/s/izmrewbrqhjfty42uuw4fe26qdu9lveu

9. Likewise, I have placed a true and correct copy of the SOS v. USFS AR, certified by the USFS for this Court, and caused the same to be mailed to this Court on a thumb drive for lodging. A true and correct copy of this record is also available at: https://app.box.com/s/8kvo3qz3wn3r71xg7xgll6j5ri86krtd.

**Selective Excerpts of Water Board AR**

10. The paragraphs immediately below list examples of materials critical to this case which were included in the Water Board AR.

11. **Exhibit 7** is a true and correct copy of the Story of Stuff Project Closing Brief from the Water Board AR. The USFS has already agreed to include this document in the SOFA v. USFS AR because it is an attachment to the October 2023 letter. *See above*, paragraph 7 It is included here to demonstrate the many referenced source documents, which are only selectively included in the SOFA v. USFS AR, despite the fact that three high level USFS personnel were served with all of the evidence in the Water Board proceeding.

12. **Exhibits 8, 9, and 10** are true and correct copies of testimony of Steve Loe, a 40-year USFS Biologist and Resource Officer, including, for many years, on the ranger district containing Strawberry Canyon. Mr. Loe has frequently communicated with the USFS in the last decade regarding the permitting of water diversion in Strawberry Canyon. Mr. Loe summarizes in his testimony, among other things, the findings of Geologist W.P. Rowe, who characterized the Strawberry

1  Canyon prior to diversion and described the impact of diversion on the Canyon. The
2  source documents Mr. Loe relied upon are all in the Water Board AR and were
3  served on the USFS on its request.

4      13.    **AR 000692** is the bibliography of the Geo-Sciences Specialist Report,
5  which includes citations to reports that are not themselves in the record, including the
6  Mann Reports and the Dames and Moore Report. These are in the Water Board AR
7  and were served on the USFS on its request.

8      14.    **Exhibits 11 and 12** are true and correct copies of the testimony of
9  Gregory Allord, former Cartographer with the United States Geological Survey
10 ("**USGS**"). Mr. Allord established conditions prior to diversion based upon historical
11 maps prepared by the USGS. His source documents and testimony are in the Water
12 Board AR and were served on the USFS on its request.

13     15.    **Exhibits 13 and 14** are true and correct copies of Amanda Frye, who
14 compiled the historical record of Strawberry Canyon, including contracts and court
15 cases regarding ownership of interests in the water of Strawberry Canyon by the
16 predecessors in interest to the permittee (BTB) and Intervenor in this case, USFS
17 stocking announcements in newspaper articles, and information about the locations of
18 historically referenced water sources. The source documents from which Ms. Frye
19 drew her conclusions are all in the Water Board AR, which was served on the USFS
20 on its request.

21

**Selective Excerpts of CBD v. USFS AR**

16. Similar to the Water Board AR, the materials in the CBD v. USFS AR were in the possession of the USFS, were likely in the same file as for the more recently issued SUPs, and were the basis of a lawsuit which ultimately resulted in the Decision Notice, SUPs, Adaptive Management Plan, and environmental review which are at issue in this case. They include all SUPs going back to the 1930s when permission was first granted to remove water from Strawberry Canyon, discussion of the USFS use of water in the Canyon, and establish that the USFS has never conveyed any water right in the Canyon. See, e.g., **Exhibit 15**, a true and correct copy of communication within the USFS regarding conveyance of water rights, dated August 28, 1964.

17. They establish, inter alia, the historical record of when water was first diverted by BTB's predecessor in interest pursuant to an SUP from the USFS. For example, the older record establishes that the USFS has *never* conveyed any water right to BTB or its predecessors in interest. (See, e.g., NES000081)

**October 2023 Attachments**

18. The attachments to the October 2023 letter to the USFS are not included in the SOFA v. USFS AR.

I make this declaration under penalty of perjury under the laws of the United States of America, executed this 20th day of October, 2025 in Berkeley, California.

1
2
3    By: /s/ Rachel Doughty
             Rachel Doughty
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21