# Exhibit 4





# State Water Resources Control Board

# POST-HEARING ORDER

The State Water Resources Control Board
Administrative Hearings Office
has held a public hearing to determine whether to prepare
a proposed cease and desist order to

**BlueTriton Brands, Inc.
(successor by name change to Nestlé Waters North America, Inc.)**

on the draft Cease and Desist Order
issued by the State Water Resources Control Board,
Division of Water Rights, Permitting and Enforcement Branch,
on April 23, 2021.

## BACKGROUND

The purpose of this hearing, background information, hearing issues and other hearing information are discussed in the Notice of Second Pre-Hearing Conference and Public Hearing, issued by the Administrative Hearings Office ("AHO") on November 17, 2021. That information is not repeated here. The AHO held public hearing days on January 10-14 and 31, February 1-2, March 21-24, April 25-27, and May 23, 2022. The AHO held a site visit on February 16-17, 2022.

## CLOSING BRIEF ISSUES

The parties shall file written closing briefs that address the following issues:

1) Is the Respondent violating, or threatening to violate, the prohibition in Water Code section 1052, subdivision (a) (which is referred to in Water Code section 1831, subdivision (d)(1)) against the unauthorized diversion or use of water subject to Division 2 (sections 1000-5976) of the Water Code? This issue does not include the issue of whether Respondent is violating the judgments in *Western Municipal Water Dist. v. East San Bernardino County Water Dist.*, Riverside Superior Court No. 78426 (April 17, 1969) and *Orange County Water Dist. v. City of Chino*, Orange County Superior Court No. 117628 (April 17, 1969).

   a. Hypothetically, if no one had constructed Tunnels 2, 3 and 7, and Boreholes 1, 1A, 7, 7A, 7B, 7C, 7D, 8, 10, 11 and 12 (collectively referred to as the "existing collection facilities"), and if Respondent now were to

divert water for water-bottling purposes from unimproved springs in the vicinities of any of the existing collection facilities (through spring boxes or similar facilities located where the spring water flows from underground to the ground surface), would such diversions and uses be diversions and uses of surface water or water in subterranean streams flowing through known and definite channels, as those terms are used in Water Code section 1200, or diversions and uses of percolating groundwater?

    i. How should the State Water Board apply prior decisions and orders of the State Water Board and its predecessors to decide this issue?

    ii. How should the State Water Board apply prior reported court decisions to decide this issue?

b. Is the water Respondent collects through its existing collection facilities surface water or water in subterranean streams flowing through known and definite channels, as those terms are used in Water Code section 1200, or percolating groundwater?

    i. How should the State Water Board apply prior decisions and orders of the State Water Board and its predecessors to decide this issue?

    ii. How should the State Water Board apply prior reported court decisions to decide this issue?

    iii. Should the State Water Board treat any of the existing collection facilities as artificially created channels that, for water-right purposes, have become natural subterranean streams, under the doctrine stated in *Chowchilla Farms, Inc. v. Martin* (1933) 219 Cal. 1, 18, State Water Board Decision 1618, p. 15, and State Water Board Order WR 2021-0094, pp. 33-36?

c. Which historical water diversions and uses, including water bottling, that occurred at the Arrowhead Springs Hotel complex were authorized by riparian rights?

    i. Are Respondent's present diversions of the water that Respondent delivers to the San Manual Band of Mission Indians at the Arrowhead Springs Hotel complex authorized by riparian rights?

d. Did Respondent's predecessors perfect any pre-1914 appropriative rights?

    i. If so, how did Respondent's predecessors perfect these rights?

    ii. If Respondent's predecessors perfected any pre-1914 appropriative rights, what were:

2

          1. the source or sources of water?

          2. the points of diversion?

          3. the places of use?

          4. the purposes of use?

          5. the season or seasons of diversion?

          6. the maximum total instantaneous diversion rate?

          7. the maximum total annual diversion rate?

     iii. If Respondent's predecessors perfected any pre-1914 appropriative rights:

          1. may Respondent now use these rights to authorize its use of the existing collection facilities to collect water for water-bottling purposes?

          2. what are the present maximum instantaneous diversion rate and maximum annual diversion rate authorized by these rights?

          3. are there any other limitations on Respondent's use of these rights?

  e. Is any of the water that Respondent collects through the existing collection facilities for water-bottling purposes developed water?

     i. If so, what are the rates at which developed water flows into the existing collection facilities?

     ii. If so, what water rights does Respondent have or need to divert and use this developed water?

2) If any violations or threatened violations of the prohibition in Water Code section 1052, subdivision (a) (which is referred to in Water Code section 1831, subdivision (d)(1)) against the unauthorized diversion or use of water subject to Division 2 (sections 1000-5976) of the Water Code are occurring, then should the State Water Board issue a cease and desist order to Respondent under Water Code section 1831?

3) If the State Water Board decides to issue a cease and desist order to Respondent under Water Code section 1831, then what provisions should be in the order?

    a. May the State Water Board include in such cease and desist order any provisions regarding Respondent's collections of water through Boreholes 10, 11 and 12, even though the April 23, 2021 draft cease and desist order does not contain any such provisions?

    b. Are there any other limitations due to the language in the April 23, 2021 draft cease and desist order on what provisions the Board may include in the order?

    c. May the State Water Board order Respondent to conduct technical studies and prepare and submit reports regarding its collection facilities and related hydrological conditions, like the proposed studies and reports described in paragraphs 6 and 7 on page 5 of the April 23, 2021 draft cease and desist order?

        i. If so, what legal authorities authorize the Board to order Respondent to take these actions?

        ii. If the Board may order Respondent to take these actions, then what technical studies should the Board direct Respondent to conduct and what technical reports should the Board direct Respondent to prepare and file with the Division of Water Rights?

    d. If the State Water Board decides to issue a cease and desist order to Respondent, then what other actions, if any, should the State Water Board order Respondent to take?

<u>Each party's closing brief shall not exceed 30 pages, doubled-spaced</u>.  If any party files a single-spaced closing brief, then it shall not exceed 15 pages.

## **POST-HEARING UPLOAD DEADLINES**

The parties shall upload their closing briefs to their Upload Accounts (described on pages 17-18 of the November 17, 2021 hearing notice), using the same method that they used to upload their hearing exhibits, on or before **August 1, 2022, at 1:00 pm.**

Any party may upload to its Upload Account any objections that the party wants to make under Government Code section 11513, subdivision (d), to any hearsay evidence cited in any other party's closing brief.  Parties shall upload any such objections on or before **August 22, 2022, at 1:00 pm.**

Any party may upload any responses to any such objections made by any other party to evidence cited in the responding party's closing brief.  Parties shall upload any such responses on or before **September 12, 2022, at 1:00 pm.**

Promptly after each of these deadlines, AHO staff will move the uploaded files to the AHO-FTP download folder for this proceeding and send an e-mail to everyone on the service list for this proceeding, advising them that AHO staff have taken these actions.

Except as expressly stated in this order, all provisions of the November 17, 2021 hearing notice remain in effect.

| May 26, 2022 | /s/ ALAN B. LILLY |
|---|---|
| Date | Alan B. Lilly |
|  | Presiding Hearing Officer |

Enclosure: Service List (all copies served by e-mail only)

# SERVICE LIST

**Representatives of participating parties:**

Kenneth Petruzzelli
John Prager
Office of Enforcement, State Water Resources Control Board
801 K St., 23rd Floor
Sacramento, CA 95814
Kenneth.Petruzzelli@Waterboards.ca.gov
John.Prager@Waterboards.ca.gov
*Attorneys for Division of Water Rights Prosecution Team*

Robert E. Donlan
Christopher M. Sanders
Shawnda M. Grady
Hih Song Kim
Patty Slomski
Ellison Schneider Harris & Donlan L.L.P.
2600 Capitol Avenue, Suite 400
Sacramento, California 95816
red@eslawfirm.com
cms@eslawfirm.com
sgrady@eslawfirm.com
ps@eslawfirm.com
HihSong.Kim@waters.nestle.com
*Attorneys for BlueTriton Brands*

Rita P. Maguire
P.O. Box 60702
Phoenix, Arizona 85082
rmaguire@azwaterlaw.com
*Attorney for BlueTriton Brands*

Nancee Murray
Kathleen Miller
P.O. Box 944209
Sacramento, CA 94244-2090
nancee.murray@wildlife.ca.gov
kathleen.miller@wildlife.ca.gov
*Attorneys for California Department of Fish and Wildlife*

Steve Loe
33832 Nebraska St.
Yucaipa, CA 92399
steveloe01@gmail.com

Meredith E. Nikkel
Samuel E. Bivins
Holly E. Tokar
Downey Brand LLP
621 Capitol Mall, 18th Fl.
Sacramento, CA 95814
mnikkel@downeybrand.com
sbivins@downeybrand.com
htokar@downeybrand.com
*Attorneys for San Bernardino Valley Municipal Water District*

Rachel Doughty
Christian Bucey
Jessica Taylor
Michael O'Heaney
Erica Plasencia
Paul Kibel
Story of Stuff Project
Greenfire Law, PC
P.O. Box 8055
Berkeley, CA 94704
rdoughty@greenfirelaw.com
cbucey@greenfirelaw.com
jtaylor@greenfirelaw.com
michael@storyofstuff.org
eplasencia@greenfirelaw.com

Laurens H. Silver, Esq.
PO Box 667
Mill Valley, CA 94942
larrysilver@earthlink.net
*Attorney for Sierra Club*

Ross Middlemiss
Lisa Belenky
1212 Broadway, Suite 800
Oakland, CA 94612
rmiddlemiss@biologicaldiversity.org
lbelenky@biologicaldiversity.org
*Attorneys for Center for Biological Diversity*

Hugh A. Bialecki, DMD
Save Our Forest Association, Inc.
PO Box 2907
Blue Jay, CA 92317
habialeckidmd@gmail.com

Amanda Frye
12714 Hilltop Drive
Redlands, CA 92373
amandafrye6@gmail.com

**People submitting only policy statements:**

Kristopher Anderson, Esq.
Association of California Water Agencies
980 9th St. Suite 1000
Sacramento, CA 95814
krisa@acwa.com

Jennifer Capitolo
California Water Association
601 Van Ness, Suite 2047
San Francisco, CA 94102
jcapitolo@calwaterassn.com

David J. Guy
Northern California Water Association (NCWA)
455 Capitol Mall, Suite 703
Sacramento, CA 95814
dguy@norcalwater.org

Henry A. Frye
387 Flanders Road
Coventry, CT 06238
henryfrye6@gmail.com

Jody Isenberg
League of Women Voters of the San Bernardino Area
P.O. Box 3925
San Bernardino, CA 92413
betsy.starbuck@gmail.com
jodyleei@aol.com
watermarx55@hotmail.com

Mary Ann Dickinson
P.O. Box 5404
Blue Jay, CA 92317
maryann@a4we.org

Steve Loe
Southern California Native Freshwater Fauna Working Group
33832 Nebraska St.
Yucaipa, CA 92399
steveloe01@gmail.com

Anthony Serrano
7517 Mt. McDuffs Way
Highland, CA 92346
anthonyaserrano@gmail.com

**People who have asked to be on service list:**

Joshua S. Rider
Staff Attorney
Office of the General Counsel, USDA
joshua.rider@usda.gov

Joe Rechsteiner
District Ranger-Front Country Ranger District
San Bernardino National Forest
joseph.rechsteiner@usda.gov

Robert Taylor
Forest Hydrologist
San Bernardino National Forest
robert.taylor2@usda.gov