ADAM R.F. GUSTAFSON
Acting Assistant Attorney General
United States Department of Justice
Environment & Natural Resources Division

EMMA L. HAMILTON (CA #325360)
Trial Attorney
ANDREW A. SMITH (NM #8341)
Senior Trial Attorney
Natural Resources Section
201 Third Street NW, Suite 900
Albuquerque, New Mexico 87102
(202) 305-5689 (Hamilton)
(202) 598-3803 (Smith)
emma.hamilton@usdoj.gov
andrew.smith@usdoj.gov

*Attorneys for Federal Defendants*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SAVE OUR FOREST ASSOCIATION, INC., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES FOREST SERVICE, *et al.,* <br><br> Federal Defendants. | Case No. 5:24-cv-01336-JGB-DTB <br><br> **FEDERAL DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPLETE ADMINISTRATIVE RECORD** <br><br> Hearing Date: November 24, 2025 <br> Hearing Time: 9:00 AM <br> Courtroom: Riverside Courtroom 1 <br> Judge: Hon. Jesus G. Bernal <br><br> Action Filed: June 25, 2024 |

5:24-cv-01336-JGB-DTB

**INTRODUCTION**

Plaintiff Save Our Forest Association ("SOFA") challenges the Forest Service's 2023 Special Use Permit ("SUP") authorizing BlueTriton Brands, Inc. to occupy and use the San Bernardino National Forest for a water collection and transmission system. *See generally* ECF No. 24 ("Am. Compl."). Federal Defendants lodged the Administrative Record for Plaintiff's challenges on September 29, 2025. ECF No. 77. Plaintiff now challenges the completeness of that Administrative Record, asserting that the Administrative Record must include the entire Administrative Records for proceedings before the California State Water Resources Control Board ("SWRCB"), to which the Forest Service was not a party, and before this Court in a 2015 challenge that occurred before the decision-making process for the 2023 SUP challenged in this litigation began. Pl. Mot., ECF No. 81-1 at 2.

Plaintiff's Motion to Complete the Administrative Record is misplaced. Plaintiff asks this Court to order the Forest Service to "complete" the Administrative Record for the decision-making processes at issue in this case with the entire record before the SWRCB as well as the entire administrative record lodged with the Court in *Ctr. for Biological Diversity v. U.S. Forest Serv.*, No. EDCV-15-2098-JGB (DTBx), 2016 WL 5334474 *6-7 (C.D. Cal. Sept. 20, 2016) (hereinafter "Nestlé Waters case"). But Plaintiff fails to show, or even attempt to show, that the Forest Service did not include in the certified Administrative Record for this case any materials from these other records that the Forest Service considered in the decision-making processes for the 2023 SUP and its continued

implementation.

Plaintiff therefore has fallen far short of meeting its burden of producing "clear evidence" that the Forest Service improperly designated the Administrative Record here. *See, e.g.*, *Goffney v. Becerra*, 995 F.3d 737, 748 (9th Cir. 2021). The Court should deny Plaintiff's Motion to Complete the Administrative Record, ECF No. 81.

## LEGAL STANDARD

In reviewing claims brought under the Administrative Procedure Act ("APA"), a court will uphold agency action unless the action is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" as determined by review of "the whole record or those parts of it cited by a party." 5 U.S.C. § 706(2)(A). "[T]he function of the district court is to determine whether or not as a matter of law the evidence in the administrative record permitted the agency to make the decision it did." *Occidental Eng'g Co. v. INS*, 753 F.2d 766, 769 (9th Cir. 1985). Accordingly, "the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." *Camp v. Pitts*, 411 U.S. 138, 142 (1973); *Friends of the Earth v. Hintz*, 800 F.2d 822, 829 (9th Cir. 1986). APA record-review principles apply both to claims to "compel agency action unlawfully withheld or unreasonably delayed" under § 706(1) and to claims challenging agency action under § 706(2). *All. for the Wild Rockies v. Probert*, 412 F. Supp. 3d 1188, 1197 (D. Mont. 2019) (citing *Friends of the Clearwater v. Dombeck*, 222 F.3d 552, 560 (9th Cir. 2000)). "When a reviewing court considers evidence that was not before

the agency, it inevitably leads the reviewing court to [improperly] substitute its judgment for that of the agency." *Asarco, Inc. v. U.S. Env't Prot. Agency*, 616 F.2d 1153, 1160 (9th Cir. 1980).

The administrative record consists of "all documents and materials directly or indirectly considered by agency decision-makers and includes evidence contrary to the agency's position." *Thompson v. U.S. Dep't of Lab.*, 885 F.2d 551, 555 (9th Cir. 1989) (citation omitted). The record does not include "'every scrap of paper that could or might have been created' on a subject." *Bay.org v. Zinke*, No. 1:17-cv-01176 LJO-EPG, 2018 WL 3965367, *3 (E.D. Cal. Aug. 16, 2018) (citation omitted); *see also California v. Bureau of Land Mgmt.*, No. 18-cv-00521-HSG, 2019 WL 1455335, at *5 (N.D. Cal. Apr. 2, 2019) (not every document on the subject within the agency's possession was necessarily considered for a decision).

There are two procedures through which materials may be added to an administrative record after it has been found inadequate. First, the record may be "completed" with materials that were considered by the agency but omitted from the administrative record. *Nw. Envt'l Advocs. v. U.S. Fish & Wildlife Serv.*, No. 3:18-CV-01420-AC, 2019 WL 6977406, at *5 (D. Or. Dec. 20, 2019). Second, under narrow circumstances, a record may be "supplemented" with materials that were not considered by the agency but which nonetheless fall into one of the narrow exceptions to the record review rule. *Id.* at *6-7; *see also Audubon Soc'y of Portland v. Zinke*, No.1:17-cv-69-MC, 2017 WL 6376464, at *3 (D. Or. Dec. 12, 2017). Plaintiff seeks only to "complete" the Administrative Record here.

# ARGUMENT

## I. THE ENTIRE RECORDS FROM THE SWRCB AND NESTLÉ WATERS PROCEEDINGS ARE NOT PROPERLY PART OF THE ADMINISTRATIVE RECORD FOR THE 2023 SUP

Because, "like other official agency actions, an agency's statement of what is in the [Administrative R]ecord is subject to a presumption of regularity," the courts "must therefore presume that an 'agency properly designated the Administrative Record absent clear evidence to the contrary.'" *Goffney v. Becerra*, 995 F.3d 737, 748 (9th Cir. 2021) (quoting *Bar MK Ranches v. Yuetter*, 994 F.2d 735, 740 (10th Cir. 1993)); *see also Cook Inletkeeper v. U.S. Env't Prot. Agency*, 400 F. App'x 239, 240 (9th Cir. 2010) (same); *Ctr. for Biological Diversity v. U.S. Army Corps of Eng'rs*, No. CV 14-1667 PSG, 2015 WL 3606419, at *2 (C.D. Cal. Feb. 4, 2015) (same). "The party seeking [to complete the Administrative Record] bears the burden of overcoming [the presumption of regularity] by 'clear evidence.'" *Pinnacle Armor, Inc. v. United States*, 923 F. Supp. 2d 1226, 1232 (E.D. Cal. 2013).

"To overcome the presumption that public officers have properly discharged their duties and that the administrative record is therefore complete, a plaintiff must (1) 'identify reasonable, non-speculative grounds for its belief that the documents were considered by the agency and not included in the record,' and (2) '*identify the materials allegedly omitted from the record with sufficient specificity*, as opposed to merely proffering broad categories of documents . . . that are likely to exist." *Audubon Soc'y of Portland*, 2017 WL 6376464, at *4 (emphasis added) (quoting *Pac. Shores Subdivision, Cal. Water Dist. v. U.S. Army Corps of Eng'rs*,

448 F. Supp. 2d 1, 6 (D.D.C. 2006); *California v. U.S. Dep't of Lab.*, No. 2:13–cv–02069–KJM–DAD, 2014 WL 1665290, at *5 (E.D. Cal. Apr. 24, 2014)).  As another court explained, "[t]o overcome the presumption of regularity and meet the burden of proving that the record designated by the agency is incomplete, Petitioners must clearly set forth in their motion: (1) when the documents were presented to the agency; (2) to whom; (3) and under what context," and *then* "must also establish that these documents were directly or indirectly considered by the relevant agency decision makers." *Ctr. for Native Ecosystems v. Salazar*, 711 F. Supp. 2d 1267, 1275 (D. Colo. 2010) (citations and footnote omitted).

      Here, Federal Defendants lodged the Administrative Record on September 29, 2025.  ECF No. 77.  In this lodging, the Forest Service certified that the Administrative Record included all of the materials that the agency considered in the decision-making processes leading to the operative 2023 SUP (e.g., the agency's National Environmental Policy Act ("NEPA") review) and its continued implementation challenged by Plaintiff in its First Amended Complaint: "To the best of my knowledge, information, and belief, the documents listed in the index of the Administrative Record and provided to the court and the Parties along with this certification constitute a true and correct copy of the Forest Service's Administrative Record, including all documents directly or indirectly considered during the Forest's NEPA review, or in the administration of BlueTriton's permit following the Forest's NEPA determination."  ECF No. 77-1 at 2 ¶ 3.  The Forest Service's designation of the completeness of the Administrative Record is thus entitled to a presumption of regularity.

With regard to the SWRCB record, Plaintiff attempts to overcome this presumption of regularity only by asserting that "[t]hree [Forest Service] employees were included in service of every single document in the Water Board AR upon their request."  Pl. Mot., ECF No. 81-1 at 6.  But nowhere does Plaintiff produce evidence that these employees ever *received* all of the SWRCB record documents, let alone that they incorporated the documents into the decision-making processes for the *Forest Service* decision at issue in this litigation.  Even if Forest Service employees possessed some or all of these documents or they "pertain" to BlueTriton's diversions of water, that would not establish that they were "before" the agency as part of the decision-making process challenged here.  *See id.* at 7-8 (citing *Portland Audubon Soc'y v. Endangered Species Comm.*, 984 F.2d 1534, 1548 (9th Cir. 1993)).  On the contrary, the Ninth Circuit has equated *Portland Audubon*'s statement that the Administrative Record "includes everything that was before the agency pertaining to the merits of its decision," 984 F.2d at 1548, to its more common framing of the scope of the Administrative Record in *Thompson*, 885 F.2d at 555-56, as "consist[ing] of all documents and materials directly or indirectly considered by agency decision-makers."  *See Goffney*, 995 F.3d at 747.

Thus, for materials to be properly included in the Forest Service's Administrative Record, the Forest Service decisionmakers must actually have considered the documents in the decision-making process at issue in this litigation.  It is not enough for some employee somewhere in the agency to have had a document in their possession.

      Plaintiff makes no attempt to show that the Forest Service considered each and every document that was part of the record for the SWRCB proceeding in the Forest Service's decision-making processes at issue here. Instead, Plaintiff concedes that the Forest Service advised Plaintiff that any documents from the SWRCB proceeding that the agency did consider in its decision-making process are already included in the certified Administrative Record. *See* Pl. Mot., ECF No. 81-1 at 3. Plaintiff has fallen far short of meeting its burden of producing "clear evidence" that the Forest Service improperly designated the Administrative Record by not including materials from the SWRCB record that the Forest Service did not consider in its decision-making process here. Indeed, Plaintiff admits that it cannot meet this burden, conceding that it does not know whether the materials were considered by the Forest Service. *Id.* Plaintiff's motion to "complete" the Administrative Record with the entire SWRCB record must be rejected.

      The same is true with regard to the administrative record for the 2015 Nestlé Waters litigation. In the Nestlé Waters case, the plaintiffs challenged the continued validity of a *1978* SUP issued to BlueTriton's predecessor for operation of the same Strawberry Canyon diversion and transportation infrastructure that BlueTriton operates pursuant to the 2023 SUP. The focus of that 2015 litigation and administrative record was whether the 1978 SUP continued in effect under the law based on Blue Triton's predecessor's 1987 request to renew that SUP, and this Court rejected the plaintiffs' claims under the APA, 5 U.S.C. § 558(c). *See Ctr. for Biological Diversity*, 2016 WL 5334474 at *6-7.

      As with the SWRCB record, Plaintiff makes no attempt whatsoever to

establish that the Forest Service considered in the decision-making processes here any materials from the Nestlé Waters administrative record that are not already included in the Administrative Record that Federal Defendants certified and lodged with the Court. Instead, Plaintiff simply assert that materials in the Nestlé Waters administrative record "establish . . . the historical record of when water was first diverted by [BlueTriton's] predecessor in interest pursuant to an SUP from the [Forest Service]," and therefore were "before" the Forest Service under *Portland Audubon*'s statement of the scope of the administrative record. Pl. Mot., ECF No. 81-1 at 8. Again, however, Plaintiff must do more than assert that materials related to the subject matter of the challenged decision were in the agency's possession. Plaintiff must show with "clear evidence" that the materials were actually considered by the agency in the challenged decision-making processes. *See Goffney*, 995 F.3d at 747-48.

Plaintiff has made no effort to meet this requirement with regard to any materials from the 2015 Nestlé Waters administrative record for agency actions from the 1980s and prior, let alone the *entire* Nestlé Waters administrative record. Therefore, its motion to complete the administrative record with the Nestlé Waters administrative record must be rejected as well.[1] The Ninth Circuit in *Blue*

---

[1] Plaintiff also briefly asserts that attachments to its October 2023 letter to the Forest Service "should" be included in the Administrative Record because the Forest Service agreed to do so. Pl. Mot., ECF No. 81-1 at 9. Plaintiff was required to raise this issue after Federal Defendants produced the indexed *proposed* Administrative Record on August 8, 2025, but Plaintiff failed to do so, waiving the issue. *See* August 18, 2025 "Order on Stipulation for Proposed Briefing Schedule," ECF No. 76, ¶¶ 1, 2, 6. Nonetheless, Federal Defendants agree to add any attachments to the October 2023 letter that are not already included in the

*Mountain Biodiversity Project v. Jeffries*, 99 F.4th 438, 445-46 (9th Cir. 2024), rejected an almost identical argument that "the documents in the [prior] 2016 [Administrative Record] were necessarily before the agency in the 2020 [decision-making] process because the Project is a continuation of the withdrawn one," with the Ninth Circuit crediting the Forest Service's contention that it properly included in the Administrative Record "only documents from the previous NEPA analyses that were considered in the 2020 decision" at issue in the case. *See also City of Dania Beach v. FAA*, 628 F.3d 581, 590 (D.C. Cir. 2010) (rejecting similar request from plaintiffs seeking to supplement an "administrative record with hundreds of pages of documents introduced in prior [NEPA] processes that contemplated [a similar project]"). Plaintiff's position that the current Administrative Record for the agency actions challenged here must also include the entire Nestlé Waters administrative record for previous agency actions is contrary to Ninth Circuit case law and must be rejected.

## CONCLUSION

For the reasons set forth above, Plaintiff has failed to demonstrate that the Administrative Record lodged by Federal Defendants must include the entire records from the SWRCB and Nestlé Waters proceedings. On the contrary, the Forest Service has certified that the Administrative Record is complete, and that it already includes the materials that the Forest Service considered in the decision-making process for the 2023 SUP challenged in *this* case. Therefore, Federal Administrative Record, once this Court rules on the other issues raised in Plaintiff's Motion.

Defendants respectfully request that the Court deny Plaintiff's Motion to Complete the Administrative Record, ECF No. 81.

Respectfully submitted on November 3, 2025.

ADAM R.F. GUSTAFSON
Acting Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice

*/s/ Emma L. Hamilton*
EMMA L. HAMILTON
Trial Attorney
ANDREW A. SMITH
Senior Trial Attorney
Natural Resources Section
c/o United States Attorney's Office
201 Third Street, N.W., Suite 900
Albuquerque, New Mexico 87102
andrew.smith@usdoj.gov

*Attorneys for Federal Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on November 3, 2025, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will automatically send email notification to the attorneys of record.

                                         */s/ Emma L. Hamilton*
                                         Emma L. Hamilton
                                         U.S. Department of Justice