UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION – RIVERSIDE

| | |
|---|---|
| SAVE OUR FOREST ASSOCIATION, INC.,<br><br>   Plaintiff,<br><br>   vs.<br><br>UNITED STATES FOREST SERVICE, *et al.*,<br><br>   Federal Defendants. | Case No.: 5:24-cv-01336-JGB-DTB<br><br>**[PROPOSED] ORDER DENYING PLAINTIFF'S MOTION TO COMPLETE THE ADMINISTRATIVE RECORD**<br><br>Courtroom: 1<br>Judge: Hon. Jesus G. Bernal<br><br>Action Filed: June 25, 2024 |

Before the Court is Plaintiff's October 20, 2025 "Motion to Complete the Administrative Record," ECF No. 81. For the reasons set forth below, the Court DENIES the Motion.

\* \* \*

Federal Defendants compiled, certified, and lodged the Administrative Record for the Forest Service agency actions challenged in Plaintiff's First Amended Complaint on September 29, 2025. ECF No. 77. Plaintiff's Motion fails to overcome the presumption that the Forest Service properly designated the Administrative Record. *See, e.g.*, *Goffney v. Becerra*, 995 F.3d 737, 748 (9th Cir. 2021) (holding that because, "like other official agency actions, an agency's statement of what is in the [Administrative R]ecord is subject to a presumption of regularity," the courts

- 1 -

"must therefore presume that an 'agency properly designated the Administrative Record absent clear evidence to the contrary.'") (quoting *Bar MK Ranches v. Yuetter*, 994 F.2d 735, 740 (10th Cir. 1993)).  Plaintiff asks this Court to order the Forest Service to "complete" the Administrative Record for the decision-making processes at issue in this case with the entire record before the California State Water Resources Control Board ("SWRCB") as well as the entire administrative record lodged with the Court in *Ctr. for Biological Diversity v. U.S. Forest Serv.*, No. EDCV-15-2098-JGB (DTBx), 2016 WL 5334474 *6-7 (C.D. Cal. Sept. 20, 2016) ("Nestlé Waters case"). Plaintiff has failed to produce any evidence, let alone "clear evidence," that the Forest Service considered any of the materials in these other records as part of the decision-making processes for the agency actions challenged in this lawsuit, beyond the documents from these records that the Forest Service has already included in the certified Administrative Record.  *See, e.g.*, *Blue Mountain Biodiversity Project v. Jeffries*, 99 F.4th 438, 445-46 (9th Cir. 2024) (rejecting almost identical argument because the Forest Service properly included in the Administrative Record only those documents from in the prior 2016 Administrative Record that the agency considered in the 2020 decision-making process at issue in the litigation).

* * *

Accordingly, the Court DENIES Plaintiff's October 20, 2025 "Motion to Complete the Administrative Record," ECF No. 81.

IT IS HEREBY ORDERED.

Dated:

By: _____
The Hon. Jesus G. Bernal
United States District Judge