UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 24-1336 JGB (DTBx)** | Date | January 8, 2026 |
| Title | *Save Our Forest Association, Inc. v. U.S. Forest Service, et al.* | | |

Present: The Honorable   JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):   Attorney(s) Present for Defendant(s):

None Present   None Present

**Proceedings:** Order (1) GRANTING Plaintiff's Motion to Complete the Administrative Record (Dkt. No. 81); and (2) VACATING the January 12, 2026 Hearing (IN CHAMBERS)

Before the Court is plaintiff Save Our Forest Association, Inc.'s motion to complete the administrative record. ("Motion," Dkt. No. 81.) The Court finds this matter appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support of and in opposition to the Motion, the Court **GRANTS** the Motion. The Court **VACATES** the January 12, 2026 hearing.

### I.   BACKGROUND

On June 25, 2024, plaintiff Save Our Forest Association, Inc. ("Plaintiff" or "SOFA") filed a complaint against defendants the U.S. Forest Service ("USFS") and Michael Nobles ("Nobles") (collectively, "Defendants"). ("Complaint," Dkt. No. 1.) On August 27, 2024, Plaintiff filed a first amended complaint. ("FAC," Dkt. No. 24.) Plaintiff alleges that USFS allows BlueTriton Brands, Inc. ("BTB") to illegally occupy the San Bernardino National Forest and divert water from Strawberry Creek in violation of the Federal Land Policy Management Act ("FLPMA"), the National Forest Management Act ("NFMA"), the Administrative Procedure Act ("APA"), and the National Environmental Policy Act ("NEPA"). (FAC ¶¶ 1-5, 104-118.) On November 8, 2024, Defendants filed an answer to the FAC. (Dkt. No. 29.) On March 6, 2025, proposed intervenor-defendant Yuhaaviatam of San Manuel Nation ("Intervenor") filed a motion to intervene. ("Motion to Intervene," Dkt. No. 38.) On September 11, 2025, this Court granted the Motion to Intervene. (Dkt. No. 75.) On September 29, 2025, Defendants filed a notice of lodging of the administrative record. ("SOFA AR," Dkt. No. 77.) On October 9, 2025,

Intervenor filed a motion to dismiss. (Dkt. No. 79.) On October 20, 2025, Plaintiff filed the Motion. (Motion.) On November 3, 2025, Defendants opposed the Motion. ("Opposition," Dkt. No. 84.) On December 7, 2025, Plaintiff filed a reply to the Opposition. ("Reply," Dkt. No. 87.)

## II.  LEGAL STANDARD

Courts must review an agency's actions under the Administrative Procedure Act based on the "whole record." 5 U.S.C. § 706. That includes "all documents and materials directly or *indirectly* considered by agency decision-makers and includes evidence contrary to the agency's position." Thompson v. U.S. Dep't of Lab., 885 F.2d 551, 555 (9th Cir. 1989). Otherwise, a record that is incomplete "must be viewed as a 'fictional account of the actual decisionmaking process.'" Portland Audubon Soc. v. Endangered Species Comm., 984 F.2d 1534, 1548 (9th Cir. 1993) (citing Home Box Office, Inc. v. Federal Communications Comm'n, 567 F.2d 9, 54 (D.C. Cir. 1977)).

The administrative record filed by the government is "subject to a presumption of regularity." Goffney v. Becerra, 995 F.3d 737, 748 (9th Cir. 2021). The Ninth Circuit thus instructs that courts must "presume that an 'agency properly designated the Administrative Record absent clear evidence to the contrary.'" Id. (citing Bar MK Ranches v. Yuetter, 994 F.2d 735, 740 (10th Cir. 1993)). Courts may only examine "extra-record evidence" in "limited circumstances," such as when an agency "has relied on documents not in the record" or "when plaintiffs make a showing of agency bad faith." Id. at 747-78 (citing Lands Council v. Powell, 395 F.3d 1019, 1030 (9th Cir. 2005)). These limited circumstances must be "narrowly construed and applied." Id. "To meet the clear evidence standard, a plaintiff must (1) identify reasonable, non-speculative grounds for the belief that the documents were considered by the agency and not included in the record, and (2) identify the materials allegedly omitted from the record with sufficient specificity, as opposed to merely proffering broad categories of documents and data that are likely to exist as a result of other documents that are included in the administrative record." Gill v. Dep't of Just., No. 14-CV-03120-RS (KAW), 2015 WL 9258075, at *5 (N.D. Cal. Dec. 18, 2015) (citation modified).

## III.  DISCUSSION

Plaintiff moves to include in the SOFA AR: (1) the administrative records of a related hearing before the California State Water Resources Control Board, BlueTriton Brands Inc., v. California State Water Control Board et al., Case No. 23CECG04292 ("Water Board AR"); (2) the administrative record for a related case Center for Biological Diversity v. United States Forest Service, EDCV 16-00175-JGB ("CBD AR"); and (3) attachments to a letter already in the SOFA AR ("Attachments"). (Mot. at 2.) Defendants agree to add the Attachments to the SOFA AR. (Opp. at 8, n. 1.) Defendants oppose including the Water Board AR or the CBD AR to the SOFA AR. The Court takes each proposed addition in turn.

### A.  Water Board AR

Plaintiff argues that the entire Water Board AR should be included because Defendants "improperly cherry-picked documents" despite the fact that three USFS employees received service of every single document in the Water Board AR. (Mot. at 6.) Those three employees were Joshua S. Rider, Staff Attorney, Office of the General Counsel, United States Department of Agriculture; Joe Rechsteiner, District Ranger-Front Country Ranger District, San Bernardino National Forest; and Robert Taylor, Forest Hydrologist, San Bernardino National Forest. (Id. at 6-7.) These documents, Plaintiff claims, were "before the USFS on its own request and pertain to its decisions to issue [special use permits] to divert water from Strawberry Canyon." (Id.) at 7-8.)

Defendants respond that Plaintiff fails to provide any evidence that those employees actually received all the documents in the Water Board AR or "incorporated" them in the decision-making processes at issue in this litigation. (Opp. at 84.) Plaintiff counters that proper service creates a "rebuttable presumption that the document has been received." (Reply at 5 (citing Schikore v. BankAmerica Supplemental Ret. Plan, 269 F.3d 956, 961 (9th Cir. 2001)).) Plaintiff points out that Defendants do not contest that they received the documents. (Id.) Plaintiff also highlights that the three employees who received the documents were members of the "actual decision-making team" for the 2023 special use permit ("SUP") granted to BlueTriton Brands, which is at issue in this case. (Reply at 5.) Plaintiff concludes that this is sufficient to demonstrate that these documents were "indirectly considered" by Defendants and should be included in the SOFA AR. (Id. at 6.)

The Court agrees that delivery of these documents to members of the decision-making team is sufficient to demonstrate that the documents were indirectly considered by Defendants. Plaintiff thereby overcomes the presumption of regularity because Plaintiff has identified "reasonable, non-speculative grounds for the belief that the documents were considered by the agency." See Ctr. for Food Safety v. Env't Prot. Agency, No. 23-CV-02714-SI, 2023 WL 8813528, at *3 (N.D. Cal. Dec. 19, 2023).

### B.  CBD AR

Next, Plaintiff argues that all the records in the CBD AR should be included in the SOFA AR because the "Decision Notice, environmental analysis, and SUPs" depended on the 2018 settlement in the underlying case. (Mot. at 8.) The materials in the CBD AR provide a historical record of when water was first diverted by Blue Triton Brands and were before Defendants and pertain to their decision to issue SUPs to divert water. (Id.) Defendants attack Plaintiff's argument on similar grounds that Plaintiff fails to establish that Defendants considered these documents in the decision-making processes at issue in this litigation. (Opp. at 7-8.) Defendants additionally cite to two cases, including a Ninth Circuit case, in support of their argument. (Id. at 8-9.) Plaintiff reiterates that issues in this case resulted from the settlement in the earlier case from which the CBD AR stems and that this constitutes "reasonable grounds" to include the CBD AR. (Reply at 6-8.) Plaintiff also distinguishes the two cases cited by Defendants. (Id. at 8.)

The Court finds that Plaintiff has identified "reasonable, non-speculative grounds for the belief that the documents were considered by the agency." See Ctr. for Food, 2023 WL 8813528, at *3. Defendants do not contest that the 'Decision Notice, environmental analysis, and SUPs issued since 2018 . . . all flow from the settlement of this earlier case." (Mot. at 8.)

Furthermore, the Court agrees with Plaintiff that the two cases cited by Defendants are distinguishable. First, Defendants cite to Blue Mountains Biodiversity Project v. Jeffries, 99 F.4th 438, 446 (9th Cir. 2024) for the proposition that documents from a prior agency action need not be included in the administrative record for a more recent agency action that is challenged. (Opp. at 9-10.) The Ninth Circuit primarily denied supplementing the administrative record with the administrative record of a previous agency action because the challenged agency action was not a continuation of the previous agency action that had been withdrawn, but instead a "new" agency action. Blue Mountains Biodiversity Project, 99 F.4th at 446. Next, Defendants also cite to City of Dania Beach v. F.A.A., 628 F.3d 581, 590 (D.C. Cir. 2010) for the same proposition. As with Blue Mountains Biodiversity Project, the D.C. Circuit declined to supplement the administrative record with previous records related to a possible expansion of the Fort Lauderdale-Hollywood International Airport because in 2005 the Federal Aviation Administration "began the process anew." City of Dania Beach v. F.A.A., 628 F.3d 581, 590 (D.C. Cir. 2010). The Court also took issue with the plaintiffs' failure to "identify[] particular documents" with which to supplement the record. Id. Here, however, Plaintiff argues that the CBD AR contains the historical record of the action that Plaintiff seeks to enjoin. Therefore, the CBD AR directly involves documents related to issues to be decided in this litigation and do not pertain to a separate and distinct agency action. Thus, the Court finds these cases distinguishable.

In conclusion, the Court holds that Plaintiff has met their burden to supplement the record with the CBD AR.

### IV.    CONCLUSION

For the above reasons, the Court **GRANTS** the Motion and **ORDERS** Defendants to include the Water Board AR, the CBD AR, and the Attachments in the administrative record in this case.

**IT IS SO ORDERED.**