# Exhibit 3
# Del Rosa Water Article

# San Bernardino Sells Its Share Of Historic Del Rosa Mutual H2O Co. For Less Than $2,300

Posted on **January 25, 2019** by **Venturi**

The San Bernardino City Council this month sold its 13.48 percent interest in the historic Del Rosa Mutual Water Company to the San Manuel Band of Mission Indians.

The city's interest in the water district provided it with an entitlement to a percentage of the water access that existed as a consequence of the company's long-established pumping of water from the local water table, thereby redundifying its claim to water usage under a 1969 decision that permits local water purveyors to draft from the local aquifer in a manner that is deemed to be a responsible utilization of the regional water source, subject to restrictions in the event the water table is subject to overdrafting.

City officials did not address the advisability or lack thereof of retaining a minority interest in the water resource the Del Rosa Mutual Water Company represents. Nor did the city seek competing offers for shares it held in the company. Rather, it relied on a confidential valuation of the water shares made by the purchaser. That valuation made no allowance for the extension of the city's existing water pumping allowance under the 1969 decision, nor did it preview the future value possession of the shares would represent under any of a variety of water use restriction scenarios that might result as a consequence of the overdrafting of the regional water table. Moreover, in making the sale, the city ignored a standing offer for the purchase of the shares at twice what San Manuel offered for them and ultimately paid.

Slightly more than 117 years ago, in December 1901, The Del Rosa Water Company was formed by the individual owners of East Twin Creek water rights, which extended back into the 19th Century. Upon the company's formation, the individual owners of water rights of East Twin Creek conveyed all of their rights in water, water distribution, and easements to the new water company.

Because the Del Rosa Water Company began diverting water from East Twin Creek before 1914, it established a pre-1914 appropriative water right, a benchmark in the entitlement to water use in California based upon an historical usage pattern. Once established, appropriative water rights cannot be lost and a protocol in state law exists to restore appropriative water rights in the face of efforts to render them inapplicable.

In January 1922, the Del Rosa Water Company reincorporated under the name of the Del Rosa Mutual Water Company with a capital stock of $58,500 divided into 5,850 shares.

Initially the Del Rosa Water Company diverted water from the East Twin and Waterman Canyon creeks. In 1929 the flow from East Twin Creek was supplemented by water pumped from two wells.

In the early 1930s, the Del Rosa Mutual Water Company, represented by attorney Ralph Swing, was the plaintiff in a major water rights lawsuit that was brought against D.J. Carpenter, Isabel Turner, George Mason, J.B. Jeffers, L.R. McKesson, the National Thrift Corporation of America, the National Thrift Corporation, California Consolidated Water Company and California Consumers Company, the Arrowhead Springs Company and Arrowhead Springs Corporation that was settled by a stipulation of

those rights on October 19, 1931.

Throughout the first six decades of its existence, the Del Rosa Water Company/Del Rosa Mutual Water Company was primarily engaged in the provision of irrigation water, with only a small fraction of its diversion being utilized for domestic use.

In 1943 the company was providing water to irrigate over 1,400 acres of citrus groves, at which time it was diverting 1,154 acre-feet of water annually.

In 1950, the Del Rosa Mutual Water Company was irrigating 800 acres acres of citrus groves as more of the water was being utilized for domestic purposes.

In 1965 a valve was installed in the line east of Mountain Avenue. Subsequently, the San Bernardino County Water District supplied the area east of the valve from its domestic and agricultural water-supply system. The Del Rosa Mutual Water Company yet maintained connections into that area that could be actuated through a series of valves. The company added a third well in 1967, at which point only about 100 acres were irrigated by Del Rosa Mutual Water Company water. On those 100 acres were olive groves, Christmas tree groves, deciduous fruit orchards, and pasture, according to oral communication involving the East San Bernardino County Water District at that time. Beginning in that timeframe or shortly thereafter, East Twin Creek water not used for irrigation was applied into the

East Twin Creek spreading grounds below 40th Street to recharge the groundwater basin, with the water-spreading activity being carried out under the supervision of the Del Rosa Mutual Water Company.

In 1967, 4,423 shares of the original 5,850 shares were outstanding, with the East San Bernardino County Water District, City of San Bernardino, and 15 individual owners holding 3,403, 500, and 520 shares, respectively. The City of San Bernardino acquired the shares it held between 1960 and 1966.

In the 1960s, the company was named in a general water rights adjudication lawsuit. Although it was later dismissed from that litigation, the Del Rosa Mutual Water Company was determined to have, based upon a five-year survey of its water use, an annual minimal pumping allocation of 845 acre-feet per year at that time. Ultimately, that water rights litigation was terminated with what is termed the 1969 Western Judgment. Prior to the judgment, the City of San Bernardino's prescriptive rights were limited to less than 15,000 acre-feet per year. However, any stake the city had in a mutual water company such as Del Rosa supplemented those rights. The Western Judgment in essence removed the 15,000 acre-feet per year annual pumping limitation on the city, clearing it to draw as much water from the underlying groundwater basin as it required to meet demands in its service area, subject to reductions in the event that the water table became subject to an overdraft or drawdown. The Del Rosa Mutual Water Company was subject to a similar regime, as were other parties and local water purveyors in keeping with the basin's safe-yield standards and obligations established in the judgment.

The Del Rosa Mutual Water Company's well[s] remained active in the years after the Western Judgment. In 1999, the company drafted 1,961 acre feet; in 2000, 1,950 acre-feet; in 2001, 1,935 acre-feet; in 2002, 1,985 acre-feet; in 2003, 1,985 acre-feet; in 2004, 2,700 acre-feet; in 2005, 1,950 acre-feet; and in 2006, 1,900 acre-feet.

The Del Rosa Mutual Water Company's single highest annual water diversion total historically was a combined 2,718 acre feet in 1969.

Currently throughout California, the cost of water runs at anywhere from $970 per acre-foot to $4,300 per acre-foot, depending on location, means of production or derivation and delivery costs.

Assuming a $1,000 per acre foot cost on water locally, the Del Rosa Mutual Water Company, operating at its full historic capacity, appears to have the potential to generate roughly $2.7 million in water sales annually.

By earlier this decade Campus Crusade for Christ had come into possession of 3,729 shares of the

4,310 total shares of the Del Rosa Mutual Water Company that were outstanding. In April 2016, Campus Crusade for Christ sold those shares to the San Manuel Band of Mission Indians, making the tribe the majority shareholder in the company. The City of San Bernardino held the remaining 581 shares.

In May 2016, the San Manuel Tribe requested a meeting with the San Bernardino City Water Department to discuss the Del Rosa Mutual Water Company, specifically the potential purchase of the city's shares. San Manuel expressed interest in acquiring the city's shares to become the sole owner of the Del Rosa Mutual Water Company. It was agreed that San Manuel would commission a valuation of the Del Rosa Mutual Water Company to determine the company's value.

Robert Krieger of Krieger & Stewart Engineering Consultants carried out a confidential valuation of the Del Rosa Mutual Water Company Water Shares done at the behest of Rodney Garton, the operations and development manager for Arrowhead Springs, an entity wholly owned by the San Manuel Band of Mission Indians.

According to Krieger, one of the company's original four foot-by-five foot dimension wells, located in East Twin Creek which was dug in two phases of 42 feet in 1912 and 18 feet in 1919 to a depth of 60 feet, was operated until 2007 when it was destroyed by the Metropolitan Water District during construction of the pipeline portion of the Inland Feeder, following condemnation of and securing the permanent easement for the Inland Feeder Project. The dug well is no longer visible, according to Krieger. The company is still in possession of two groundwater extraction wells, known by the nomenclature of #3601809 and #3601810, which are separate steel-cased wells with vertical pumps. The wells were constructed in the groundwater basin downstream of the original diversion. Both wells stopped pumping in the 1960s, according to Krieger, with records terminated in 1966 for #3601809 and terminated in 1981 for #3601810. "For all practical purposes, these wells stopped producing groundwater in the mid-1960s, years before the diversion ceased," Krieger stated in the valuation document. "The water company's physical plant, except for a few unusable remnants, has been damaged or destroyed and serves no useful purpose. None of the plant components are salvageable or worth salvaging."

According to Krieger, "The assets of the water company are the organization itself, a single parcel of land, and appropriative water rights, both surface water and groundwater. The surface water rights derive from historic pre-1914 riparian water right diversions, and the groundwater rights derive from historic groundwater extractions."

According to Krieger, "Organization value herein is considered the cost of organizing the water company in accordance with California Corporation Code 14300 et sequentes, and the preparation of articles of incorporation, corporation bylaws, and rules and regulations. I opine the organization value to be $4,000. I have conferred and confirmed with two separate water attorneys about formation requirements and preparation of the related documents. The estimated organization value is current to reflect current market value, even though the water company was organized in 1901 and reorganized in 1922."

With regard to land value, Krieger said, "James Smothers inspected and valued the water company's single land parcel, 2.0 acres identified as Assessor's Parcel Number 0270-111-02, on October 12, 2017 at $13,000, as reported in his appraisal report dated October 25, 2017. He classified the site as vacant land (open space and watershed) with improvements consisting of a concrete pad, perimeter fencing, and asphalt paving being in average condition."

According to Krieger, "The water company can produce and put to beneficial use whatever quantity of water it needs; therefore, the water company has the right to divert or extract from the Bunker Hill Basin its theoretical base period allocation or more if need be. Regardless of whether the water company has a pre-1914 water right within the Bunker Hill Basin, it can divert or extract whatever quantity of water it can put to reasonable and beneficial use without limit or restriction. As a consequence, its appropriative right

has no value since it is unnecessary for the water company to exercise its appropriative water right in order to divert or extract water from the groundwater basin. I hereby opine that the pre-1914 appropriative water right, although it may exist, has no value."

Saying he was defining "market value in the present context [as] what a willing and informed buyer under no obligation to buy will pay, and what a willing and informed seller under no compulsion to sell will accept after fair and voluntary dealing, taking into account all of those factors which such willing and informed persons would consider in light of industry customs, Krieger concluded, "In my opinion, the value of outstanding shares of common stock is $3.94 per share and, based on common stock ownership, the San Manuel Band of Mission Indians' 3,729 shares of common stock has a value of $14,692.26 and the City of San Bernardino Municipal Water Department's 581 shares of common stock has a value of $2,289.14."

That valuation, dated August 23, 2018, made no allowance for the Del Rosa Municipal Water Company's status as an historical entity engaged in the drafting of water from the Bunker Hill Basin which provides it with an entitlement and licensing to operate at its three existing well sites and the privilege to sink further wells within the confines of its traditional geographical overlay, wherein rich water resources are available. Though the water department gave indication it would conduct due diligence in order to provide the complete scope of its position, no independent appraisal of the water company or its assets was carried out on behalf of the department or the city. No opinion independent of that provided by Krieger, whose consulting company was reportedly paid more for the valuation than the $2,289.14 he deemed the city's 581 shares of Del Rosa Mutual Water Company common stock to be worth.

In the staff report/request for council action that accompanied the placement of the action item on the consent calendar of the mayor and council's January 2 meeting which called for "approving the sale of the city's Del Rosa Mutual Water Company shares to the San Manuel Band of Mission Indians" both City Manager Andrea Travis-Miller and San Bernardino Municipal Water Department General Manager Miguel Guerrero parroted verbatim in large measure Krieger's valuation in recommending that the city council go along with making the sale.

Travis-Miller and Guerrero included Krieger's valuation as an attachment to the report.

"Krieger & Stewart Engineering Consultants (K&S) completed the attached valuation this past August," Travis-Miller and Guerrero stated in the report/request for council action. "The Del Rosa Water assets are the organization itself, a single parcel of land, and appropriative water rights, both surface water and groundwater. K&S valued the organization at $4,000 and the land at $13,000. K&S determined that the company has no water rights value because of the Western Judgment."

Travis-Miller and Guerrero then adopted Krieger's conclusion as their own. "The total value of Del Rosa Water is $17,000 or $3.94/share," the report/request for council action states. "The value of the city's shares is $2,289.14."

Neither the city nor the municipal water department sought offers for the shares, merely accepting the San Manuel tribe's offer of $2,289.14. In their the report/request for council action, Travis-Miller and Guerrero stated, "In consultation with outside counsel, water department staff has done its due diligence and has determined that the K&S valuation of Del Rosa Water is fair and accurate."

Travis-Miller placed the sale of the shares on the consent calendar for the mayor and council at its January 2 meeting. The consent calendar is reserved for issues deemed non-controversial and unworthy of public discussion, all of which are grouped together for collective routine approval with one vote.

Prior to the vote San Bernardino County *Sentinel* Publisher Mark Gutglueck made a public offer to purchase the city's 581 Del Rosa Mutual Water Company shares at twice what the San Manuel Tribe had

offered, $4,578.28. Neither the city nor the council responded to Gutglueck's offer, and instead the council voted to make the sale to the San Manuel Tribe for $2,289.14.

This entry was posted in **Uncategorized** by **Venturi**. Bookmark the **permalink [https://sbcsentinel.com/2019/01/sb-sells-it-share-of-historic-del-rosa-mutual-h2o-co-for-less-than-2300/]** .